## Hurst vs. Cook.

In trover, a plea of property in a third person is bad.

A special plea in trover showing there was not an unlawful conversion of the plaintiff's property, or in other words, that the plaintiff never had any cause of action, is bad in form; but where the defendant admits that there once was a cause of action and sets up subsequent matter in discharge or avoidance, such matter may be pleaded specially; but it seems the rules of pleading do not require that it must be pleaded, except where the defence is the statute of limitations.

It seems that a release, a former recovery and the statute of limitations have always been allowed to be the proper subjects of a special plea in trover.

In many of the cases in trover where special pleas equivalent to the general issue have been allowed, the objection to the pleas was not specially assigned as cause of demurrer.

DEMURRER to plea of property in a *third person* in an action of *trover*. The plaintiff, John Hurst, declared in *trover*, for the taking and conversion of certain goods and chat-

tels belonging to him. The defendant pleaded that he as a deputy of the sheriff of Onondaga, by virtue of two executions against one Thomas Hurst, for the purpose of satisfying the same, took the goods and chattels specified in the declaration, "the same then and there being the property of the said Thomas Hurst." To which plea the plaintiff *demurred*, assigning as special causes of demurrer, that the plea amounted to the general issue.

*J. A. Spencer*, for the plaintiff.

*S. Stevens*, for the defendant.

*By the Court*, COWEN, J. I confess I supposed, upon the argument, that I should find the question raised, perfectly disposed of by cases in this court. But one case was cited, and so far as that goes, it is against the plea. It was sought to be distinguished, and indeed brought down to the force of a mere *dictum ;* and it was insisted that the plea is maintainable on a correct understanding of the authorities. Having satisfied himself of this, the counsel went back to *Rockwood* v. *Feasar*, Cro. Eliz. 262, and *The Archbishop of Canterbury* v. *Kemp*, id. 539. I shall notice what these cases are, in the course of my remarks. For the present I admit that the first case, if to be followed, will sustain not only this plea, but any imaginable special plea amounting to the general issue. The plea was an argumentative denial both of the plaintiff's property and of an illegal conversion by the defendant, the whole matter, and nothing but the matter involved in the general issue. In the second the plea was to the same effect, but the point was not raised, for the plaintiff replied. It was the more surprising to hear so late an authority as *Wingfield* v. *Srafford*, 1 Wils. 315, cited to the same point, but the report there is probably, as we shall see hereafter, imperfect, and in any view far from being an authority for the defendant. As the case stands in Wilson, nothing is said of the point before us ; but there is more in it than I could have supposed.

It must be admitted that the books are studded with *special pleas* in the action of *trover*, even such as show that the plaintiff never had any cause of action. They set up either property out of the plaintiff, or admit that it belonged to him, and insist that the defendant lawfully took and converted it: as that he distrained or took it in execution, or that he never did convert the property, and the like. Many such pleas have passed without being met by a special demurrer. Of course the courts felt bound to consider them. Such was the case of *Kenicot* v. *Bogan*, Yelv. 198, a plea that the defendant seized the plaintiff's wine as king's butler ; *The Archbishop of Canterbury* v. *Kemp*, Cro. Eliz. 539, a plea of title in the defendant ; *Robinson* v. *Walter*, 3 Bulst. 269, and *Stert* v. *Drungold*, 3 id. 289, pleas of detention by an innkeeper of the goods of his guest; *Wingfield* v. *Stratford*, 1 Wils. 315, seizing a gun as gamekeeper. (But Bull. N. P. 314, says, as we shall see, that the court held this bad as being equivalent to the general issue.) *Taylor* v. *Chambers*, Cro. Jac. 68, was a plea of purchase in market overt ; *Comyns* v. *Boyer*, Cro. Eliz. 485, a like plea ; and see Golds. 54 ; *Priestly* v. *White*, Yelv. 173, a plea of property in the defendant ; Anon. id. 174, cited, S. P.; Anon. 2 Leon. 13, a plea that the goods were bailed to the defendant, to deliver, which he had done, and traversing the conversion ; *Strangden & Burnell's case*, Godb. 137, a plea that the plaintiff gave goods to the defendant and traversing the conversion in the place where it was laid by the declaration, 4 Leon. 4, and 106, S. C.; *Court* v. *Blackman*, Noy's R. 109, a like case; *Markham & Pitt's case*, 3 Leon. 205, that the plaintiff was outlawed. The plea in *Gaillard & Archer's case*, 1 Leon. 189, was possession of the plaintiff's goods by A. and sale to the defendant without notice, and held bad in substance. So in *Davies' case*, Cro. Eliz. 611, of a plea that the defendant took the goods as a waif; in *Gomenale* v. *Wayts*, Cro. Jac. 255, of a plea of distress under a plaint in the manor court; Yelv. 194, S. C., titled *Gomersall* v. *Medgate ;* in *Holman* v. *Karwithy*, 2 Bulstr. 134, of a plea of finding without traversing property in the plaintiff, and *White* v. *Price*, cited there at p. 135, S. P ; *Sparrow* v. *Sher-*

*wood;* Poph. 208, a justification by command, pleaded imperfectly ; *Bush* v. *Luxburrough,* 1 Roll. R. 396, a traverse of the venue improperly interposed ; and see per Popham, J. Goldsb. 155.

Some cases assume that a special plea may be properly interposed, if it confess part of the plaintiff's case ; as in *Dee* v. *Bacon,* Cro. Eliz. 435, which was a plea of taking damage feasant, and held bad because it did not confess the conversion. *Agar & Lisle,* Hob. 187, was a plea of distress for market-toll, held bad for the same reason ; *Salter* v. *Butler,* Noy's R. 46, was a plea of distress for rent, held bad for the same reason ; and *Kinnersley* v. *Barnard,* Cro. Eliz. 554, was a plea traversing a conversion, but of the wrong thing. *Hartford* v. *Jones,* 2 Salk. 654, was a plea of seizure as wreck, and detaining till paid for the pains, and held bad because it did not confess a conversion. 1 Ld. Raym. 393, S. C. 3 Salk. 366, S. C.

Several special pleas of a like character have been countenanced and directly sustained by the courts on demurrer, assigning for cause that they amounted to the general issue. Such is *Kinnersley* v. *Barnard,* Cro. Eliz. 554, the case of a plea admitting property in the plaintiff and specially traversing the conversion with an *absque hoc ; Hill* v. *Hawkes,* 1 Roll. R. 1, 44, justifying the taking by force of a custom ; 2 Bulst. 201, S. C. and S. P.; Moore, 835, S. C. but not S. P. Such is *Rockwood* v. *Feasar,* Cro. Eliz. 262, a plea of property out of the plaintiff, and in one J. S. by whose command the defendant took it, giving color and showing that the plaintiff had title against all except J. S. I repeat the admission before made, that if the last case be law, it exactly sustains the plea in the case at bar. Both of them deny the plaintiff's property and an illegal conversion. In *Strausham's case,* Cro. Eliz. 98, Coke, J. mentions special pleas in trover as admissible, and among others a taking damage feasant. In *Bisse & Tyler's case* Godb. 267, 13 Jac. it was put with a quere whether a plea of a sale by the plaintiff to the defendant were bad as amounting to the general issue, and according to a report of the same case in 1 Roll. R. 173, the plea was thought good.

Most of the cases, however, ancient and modern, have overruled such pleas, on the point of their sufficiency being raised by special demurrer, assigning for cause that they amounted to the general issue. Such was *Bellamy* v. *Balthrop*, Latch. 184, the case of a plea giving color to the plaintiff, but showing property out of him ; and *Styles* v. *Snelgrave*, there cited, S. P. ; *Ward* v. *Blunt*, Cro. Eliz. 146, a plea showing title in the defendant, but giving color to the plaintiff ; *Ascue* v. *Saunderson*, Cro. Eliz. 433, plea of a levy on the plaintiff's goods as sheriff under a *fi. fa.* against them ; *Wingfield* v. *Stratton*, as reported in Bull. N. P. 48, a plea that the defendant seized the gun as game-keeper, the point of form not being noticed by the report in 1 Wils. 314, S. C., as mentioned before ; *Webb* v. *Fox*, 7 T. R. 387, a plea of the plaintiff's bankruptcy, which showed title out of him and in his assignees, per Ld. Kenyon, Ch. J. id. 392 ; *Lynner* v. *Wood*, Cro. Car. 157, a plea that the defendant took the goods as tithes severed ; *Bullock* v. *Smith*, Cro. Eliz. 174, a plea of seizure as waif ; *Austin* v. *Austin*, Cro. Jac. 319, a plea of title in the defendant, giving color ; *Lord Mounteagle* v. *The Countess of Worcester*, 2 Dyer, 121, a., a declaration alleging a conversion by a sale, and plea traversing the sale, per Rockby, J. ; *Kennedy* v. *Strong*, 10 Johns. R. 289, pleas of sale by order of the plaintiff's partner ; but the pleas were also held bad on other grounds beside that of their being equivalent to the general issue.

The most ancient cases seems to be against this plea. Brooke, in his Abr. Action, Sur le case, pl. 113, cites the year book, 4 E. 6, and at pl. 109, he cites 33 H. 8 to that effect. The cases of *Whittaker* v. *Collet*, 1 Roll. R. 22, *Row* v. *Thompson*, id. 197, and *Phillips* v. *Wickes*, 3 Bulstr. 209, may also be added to the cases before cited as directly against the like pleas ; and see also *Vandrink and Archer's case*, 1 Leon. 221.

At a time when the judgments at Westminster Hall stood in singular conflict, and their reasoning and dicta on the subject of these special pleas in trover exhibited contradictions and subtleties no less extraordinary, as may be seen on a still closer examination of the cases, the courts adopted and

have since steadily pursued, if they have not extended the
doctrine of that line of authority which taken together, was
found to repudiate all special pleas in trover going to the
original cause of action.    As early as *Bellamy* v. *Balthrop*,
before cited, 2 Car. Jones, J., said, that in trover every spe-
cial plea with color amounts only to the general issue ; and
in 14 Car. *Devoe* v. *Coridon*, 1 Keb. 305, Twisden, J. said,
" There is no plea in trover but a release or not guilty."    In
Anon. Lofft's R. 323, 13 Geo. 3, on a motion to plead several
matters in trover, the court said, " by a book near two cen-
turies ago, it appears release is a sufficient plea to trover,
and you have no need to plead any thing more.    In *Hart-
ford* v. *Jones*, Holt, Ch. J. said he never knew but one spe-
cial plea good in trover, viz Yelv. 198.    In the same case
1 Ld. Raym. 393, he is made to say he never knew but one
special plea good in trover besides that in Yelv. and that was
a release.    In *Yorke* v. *Grenaugh*, 2 Ld. Raym. 868, he
said nothing can be pleaded specially in trover but a release.
See *Allen* v. *Harris*, 2 Lutw. 650, where the right to plead
a release was conceded.    And Buller's report of *Wingfield* v.
*Stratford*, says it was holden by the whole court in that
case, that there could be no special plea in trover but a re-
lease.    1 Danv. Abr. 25, S. P.    Such a limit is probably
too narrow ; but special pleas in trover have met with much
discouragement by the latter cases.    In *Webb* v. *Fox*, before
cited, Lord Kenyon, Ch. J., said he could not commend the
mode in which the question was brought before the court,
as the plea would be attended with unnecessary expense to
the parties, 7 T. R. 392; and in *Kennedy* v. *Strong*, also
before cited, this court said special pleas in trover are de-
servedly discountenanced.    10 Johns. R. 291.    It is said in
1 Chit. Plead. 490, that the statute of limitations and a for-
mer recovery may be pleaded ; and such pleas were inter-
posed without question, the former in *Cowper* v. *Towers*, 1
Lutw. 97, 99, and the latter in *Lethmere* v. *Toplady*, 1 Show.
146 ; 2 Ventr. 169, S. C. cases cited by Chitty, though in
neither was the plea tested by a special demurrer.    See also
*Lacon* v. *Bernard*, Cro. Car. 35, and *Peet* v. *Rawsterne*, T.
Raym. 472, and 2 Ld. Raym, 1217.    Buller's N. P. 49,

agrees that a former recovery may be pleaded : and a highly respectable American court held that the statute of limitations must be pleaded, and cannot be given in evidence under the general issue. Nott, J. said this is perfectly well settled, *Jones* v. *Dugan,* 1 M'Cord, 428 ; and so it seems to be in respect to various actions on the case beside trover. Ballantine on Lim. by Tillingh. ch. 16, p. 207, et seq. and the cases there cited.

It is also said in 1 Chitty's Pl. 490, the defendant may, in trover, plead any thing specially which admits property in the plaintiff and a conversion by the defendant. I think he might have added that a special plea showing either property out of the plaintiff or that there was no conversion, or both, would be bad on special demurrer, as amounting to the general issue. It may be taken as the clear result of the more numerous cases including the modern authorities, of the course of which this court strongly intimated its approbation in *Kennedy* v. *Strong,* that a special plea showing there never was an unlawful conversion of the plaintiff's property, or in other words, that he never had any cause of action, is bad in form. But where the plea admits that there once was a cause of action, and sets up subsequent matter in discharge or avoidance, it may be pleaded specially. The general issue is, *not guilty of the premises,* &c. In good sense, this denies all which the plaintiff, in legal effect, alleges in his declaration, viz., property in himself and an illegal conversion by the defendant. The evidence on such an issue, so long as it is confined to the original cause of action, comes literally within the scope of the pleadings, as remarked by King, Ch. J., in regard to other actions on the case : " Every thing which shows that the defendant *did what he might do,* may be given in evidence upon not guilty pleaded ; for that proves he had done no injury." Anon. Com. Rep. 274. It is not necessary to say that the defendant *must* plead even matter in discharge or avoidance. We know that generally he need not, though he may do so in actions of assumpsit, and especially in other actions on the case. 1 Chitty's Pl. 486, and the cases there cited. I have noticed the statute

of limitations as a defence, which it is said must be pleaded. So of justification in slander. But I do not now remember any other exception to the rule that, in an action on the case, every matter of defence may be received under the plea of not guilty. In *Bird* v. *Randall*, 3 Burr. 1353, 1 Black. Rep. 388, S. C., Lord Mansfield made no exception. Of course I speak of pleas in bar, not in abatement.

So many old cases occurring which certainly do go to sustain the plea in the principal case, I have taken some pains to discover how they have been met and overturned, if such were the fact. I encountered more labor from not being able to find that the matter had been systematically taken up by any author. I may have failed to find some material cases, but as far as I have examined, I feel well satisfied with the results already expressed ; and, at least, that authority, reason and convenience all concur against the plea in question. The best collection of the old authorities is to be found in Vin. Abr. Actions of Trover, &c. L. 5, Trover, Plea. vol. 1, p. 254, et seq. The remark in Petersdorf's Abr., Trover, pl. 5, (B.,) Plea, note, that the defendant may plead any matter which admits the conversion, and that the property is in the plaintiff, but justifies the former, I am satisfied is wrong. See accordingly, Bac. Abr. Trover, (F.) pl. 2, of the plea.

I presume the general issue has been pleaded, though very properly omitted in the demurrer book. If so, no amendment is necessary. If otherwise, the defendant may now add the general issue.

Judgment for the plaintiff.