## FRY vs. BAXTER.

1. An omission in action of trover for the conversion of a note, to allege the value of a note, can only be reached by a special demurrer.

2. Neither payment, set off, nor fraudulent representations as to the consideration of the note, can be pleaded as defence in bar to an action of trover for the conversion of a note.

### ERROR to Marion Circuit Court.

WELLS, *for the Plaintiff, insists:*

Trover is an action *ex delicto*—the wrong consists in the *conversion* of the plaintiff's goods, and no plea is good that does not controvert this allegation.

No plea is good in an action of *tort* which is good in an action *ex contractu*.

The plea of payment of the note does not answer the charge of the conversion of the note.

The plea of fraud, in the consideration of the note, does not answer the charge of the conversion of the note.

The pleas only go in mitigation of the damages. They deny neither the plaintiff's title *to* the note, nor the defendant's conversion of it.

If the pleas are intended to show that plaintiff had no right to the note, they amount only to the general issue, and are therefore bad. 1 Chitty 168, 559, 560.

ANDERSON & DRYDEN, *for Defendant, insist:*

1st. That each of said pleas presents a good and sufficient defence to the plaintiff's action.

2d. If this Court should think the pleas bad, still the decision of the Circuit Court is right and must be sustained, because the declaration is substantially defective in not alleging that the note charged to have been converted, was *of any value.* See 1st Chitty's Pl. p. 707. That the averment here wanting is essential to the validity of the declaration. See Cro. Jac. 130; 8th Wentworth's Pl. 372; 2 Ch. Pl. p. 836; 3 Camp. 477; 6th Com. Law Rep. 421.

NAPTON, J., *delivered the opinion of the Court.*

Fry brought an action of trover against Baxter, for a promissory note, given by defendant to plaintiff, for one hundred dollars; the defendant pleaded not guilty, and three special pleas. The defence set up in the

first plea, was that defendant had paid the note with interest, &c., and having so paid it, came to the possession of the note *by finding*, and retained the same as he might lawfully do. The second plea was a plea of set off, and the third special plea was that the note was given as the consideration of a certain machine for cutting shingles, sold by the plaintiff to the defendant, and falsely and fraudulently represented to be a useful invention, &c., whereas the machine was wholly valueless, &c. The general issue was subsequently withdrawn, and the plaintiff demurred to the special pleas, the demurrer was sustained to the second special plea, and overruled as to first and third. Judgment was rendered on the demurrer for the defendant, and the case is brought here by writ of error.

The defendant in trover is at liberty to plead specially anything which admits the property in the plaintiff, and the conversion, but justifies the latter. 1 Ch. Pl. 436. The special pleas of the defendant in error, either do not admit the conversion, and are therefore bad, (Hurst vs. Cook, 19 Wend. 469,) or, admitting the conversion, they do not justify it, but state facts which would only operate to reduce the damages. The measure of damages in trover, for a note, is its nominal value, unless that be reduced by showing payment or the insolvency of the maker, or some facts to invalidate the note. Ingolls vs. Lord, 1 Cowen Rep. 240. The payment and the fraud pleaded, would therefore only destroy the plaintiff's right to anything more than nominal damages.

The omission in the declaration to state the value of the note is a defect which can only be reached by special demurrer. Mayor, &c., vs. Clark, 4 Barn. & Ald. 268; Bradford vs. Ramsey, Cro. Jac. 654.

Judge McBRIDE concurring, the judgment is reversed.

SCOTT, J., absent.