Rockey *versus* Burkhalter.

68      221
f221    ²155

1. Replevin in which a claim property bond has been given, is a bar to an action of trover for the same goods.

2. A claim property bond given by the defendant extinguishes the plaintiff's property in the goods.

March 21st 1871.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 452, to January Term 1870.

On the 9th of February 1869, John Rockey brought an action of trover against Erwin Burkhalter, for a large number of hides alleged to belong to the plaintiff, which he averred the defendant had converted to his own use.   The defendant pleaded the general issue.

The case was tried February 17th 1870, before Hare, P. J. On the trial, after the plaintiff had submitted his case, the defendant offered the record of an action of replevin, commenced to April Term 1869, by the plaintiff in this case against the defendant in the Court of Common Pleas of Lehigh county for the same goods, in which the defendant had given a claim property bond, dated February 13th 1869, and retained the goods.   The plaintiff objected to the offer, it was received by the court, and a bill of exceptions sealed.   The court then charged the jury "that the action pending in the Court of Common Pleas for the county of Lehigh was a bar to the present suit, and that the jury must therefore find for the defendant."

The verdict was for the defendant.

The plaintiff removed the record to the Supreme Court and assigned for error the admission of the defendant's offer of evidence and the charge of the court.

*F. Dittman,* for plaintiff in error.—Matters which go merely to the suspension of the action, or which do not determine the merits of the controversy, must be pleaded in abatement: Boyce *v.* Bayliff, 1 Campb. 60; Sparry's Case, 5 Coke 61; Bonner *v.* Hall, 1 Ld. Raym. 338; Parker *v.* Colcord, 2 N. Hamp. 46; Froq *v.* Long, 3 Dana 157; Morton *v.* Ward, 7 Verm. 123; Findlay *v.* Keim, 12 P. F. Smith 112; Root *v.* Chandler, 10 Wend. 111; Van Bushkirk *v.* Irving, 7 Cowen 35; Demick *v.* Chapman, 11 Johns. 132; Toland *v.* Tichenor, 3 Rawle 320.

*E. Harvey,* for defendant in error.—By giving the property-bond the property in the goods was changed to the defendant: Fisher *v.* Whoollery, 1 Casey 199; and all liability is on the bond:

Taylor *v.* The Royal Saxon, 1 Wall. Jr., 331–2; Aurentz *v.* Porter, 6 P. F. Smith 115; Castor *v.* McShaffery, 12 Wright 437; Mather *v.* Trinity Church, 3 S. & R. 512; Fleming *v.* Bevan, 2 Barr 408; Sylvester *v.* Girard, 4 Rawle 189; Grubb *v.* Guilford, 4 Watts 241; Merrick's Estate, 5 W. & S. 9; Marsh *v.* Pier, 4 Rawle 285; Cooper *v.* Chitty, 1 Burr. 31; 2 Hilliard on Torts, p. 108, pl. 8. The right of action could be assailed only under a plea in bar: Stephen on Pl. 432; Drew *v.* Spaulding, 45 N. H. 478; Barber *v.* Dixon, 1 Wils. R. 45; Birch *v.* Wilson, 2 Mod. 275; 1 Tidd's Practice, § 651; 1 Smith's Lead. Cas. 598 (151), note to Armory *v.* Delamirie; Webb *v.* Fox, 7 T. R. 391; Jordan *v.* Cooper, 3 S. & R. 564.

In Pennsylvania replevin lies in all cases where one claims goods in the possession of another and without regard to the manner in which possession was obtained: Weaver *v.* Lawrence, 1 Dall. 156; Reist *v.* Heilbrenner, 11 S. & R. 132; Bower *v.* Tallman, 5 W. & S. 556; Harlan *v.* Harlan, 3 Harris 513; Hilliard on Torts 5, § 7.

The claim property-bond changed the title: Taylor *v.* The Royal Saxon, Fisher *v.* Whoollery, *supra;* Ruch *v.* Morris, 4 Casey 249; Lowry *v.* Hall, 2 W. & S. 129; Briggs Iron Co. *v.* North Adams Iron Co., 12 Cush. 114; Fairbank *v.* Phelps, 22 Pick. 535; Reynolds *v.* Fisher, 2 Phila. 298; Schofield *v.* Ferrers, 10 Wright 438; Chaffee *v.* Sangston, 10 Watts 265; Moore *v.* Shenk, 3 Barr 21; Hicks *v.* McBride, 3 Phila. R. 377.

The opinion of the court was delivered, March 30th 1871, by

READ, J.—On the 1st of February 1869, John Rockey brought an action of replevin against Erwin Burkhalter, in the Common Pleas of Lehigh county, to April Term 1869, No. 48, and the return of the sheriff was "summoned the defendant February 4th 1869; February 13th 1869, property claimed and bond entered by defendant Erwin Burkhalter, and property left to remain in his hands," by which the plaintiff's property in the goods was absolutely gone.

On the 9th of February 1869, the same plaintiff commenced an action of trover and conversion, in the District Court for the city and county of Philadelphia, against the same defendant by capias for the same goods and chattels, which were the subject of the said action of replevin, and this is the case before us.

On the trial under the general issue the learned judge permitted the defendant, under objection, to give in evidence the record of the replevin suit, and it was admitted that the chattels for which this suit was brought, were the same as those in the action of replevin, and the defendant gave in evidence the claim property bond of defendant and others to John P. Miller, sheriff of Lehigh county,

[Rockey v. Burkhalter.]

dated February 13th 1869, in the penal sum of nine thousand dollars. The learned judge charged the jury "that the action pending in the Court of Common Pleas for the county of Lehigh was a bar to the present suit, and that the jury must therefore find for the defendant."

All this evidence was clearly admissible under the general issue: 1 Chitty's Pl. 498, 472; Hunt v. Cook, 19 Wendell 463. This evidence established the fact, that the property of the plaintiff in the goods, if he had any, was extinguished by the claim made by the defendant and the property-bond given to the sheriff. The property vested in the defendant, and the right of the plaintiff to the property itself was absolutely gone: Fisher v. Whoollery, 1 Casey 197.

The court committed no error, and the judgment is affirmed.