(89 App. Div. 84.)

SIMAR v. SHEA et al.

(Supreme Court, Appellate Division, First Department. December 24, 1903.)

1. TROVER—TITLE IN THIRD PERSON—DEFENSE.
    Under a general denial a defendant in an action for conversion may prove title in a third person.

2. SAME—PURCHASER FROM AGENT—PRINCIPAL'S ESTOPPEL TO QUESTION TITLE.
    French exporters consigned goods to a New York importer, and made a consular declaration that he was the purchaser from them, accompanying the declaration with an invoice reciting that the importer had bought the goods of them. The goods were entered at the New York custom house under the name of the importer. *Held,* that the exporters were estopped from claiming, as against one who purchased from the importer in reliance on his custom house title and the consular declaration, that the importer was merely their agent, and that they had directed him to return the shipment; and this estoppel would extend to the importer's agent, who, under instructions from the exporters, made the reshipment.

Appeal from Trial Term, New York County.

Action by Albert Simar against John L. Shea and another. Judgment for plaintiff, and defendant Shea appeals. Affirmed.

For opinion on former appeal, see 65 N. Y. Supp. 133.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Wm. H. Blymyer, for appellant.
Wm. L. Mathot, for respondent.

PATTERSON, J. This is an action for the conversion of personal property, consisting of wines and brandies, of which the plaintiff claimed he was the owner. The complaint contains the allegations appropriate to such an action, and the answer of the defendant Shea, who alone defended, is a general denial. At the trial, under that general denial, the defendant sought to prove title in a third person, which he might properly do. Hurst v. Cook, 19 Wend. 463; Robinson v. Frost, 14 Barb. 536; Griffin v. Long Island R. R. Co., 101 N. Y. 348, 4 N. E. 740. The material facts are the following: Chaigneau & Co., of France, made consignments of wines and brandies to Ernest P. Paris, who was a wine importer in the city of New

York. The defendant Shea was a member of the firm of E. L. Garvin & Co., custom house brokers, and held a power of attorney from Paris to do business for him at the custom house. Shipments of goods were made from time to time by Chaigneau & Co. to. Paris, and entries in the custom house were made by Shea for Paris. The goods were entered in bond, and the custom house bonds were executed by one of Shea's partners. On the goods being shipped to this country, Chaigneau & Co. made in France certain consular declarations as to each shipment, in which that firm asserted that it was the seller and forwarder of the goods mentioned and described in the. bill thereto annexed, "which were purchased from me by Mr. Ernest P. Paris, of New York; that said bill was made in Bordeaux, in the consular district of Bordeaux, from which place the said goods are to be forwarded to the United States, and that it is true in all respects; that it contains a full and correct statement of the time when, the place where, and the name of the person from whom the goods mentioned were bought, the price actually paid or to be paid by the purchaser to whom I have sold them in the ordinary course of business, and for whom I am actually acting in producing this bill," etc. Accompanying each declaration was an invoice, reading as follows: "Mr. E. P. Paris, 2 South Fifth Avenue, New York, bought of J. Chaigneau & Cie, wine and spirit merchants, as per order given to,"—the blanks as to dates and prices and specification of goods being filled in. On the arrival of the goods, they were entered at the custom house, Paris making the oath of entry, solemnly declaring that he was the owner of the merchandise described therein and in the invoice, and that the entry delivered to him by the collector of customs contained a just and true account of all goods, wares, and merchandise imported by or consigned to him, and that the invoice and entry contained a just and faithful account of the cost of the goods, wares, and merchandise. The goods were thus shipped to Paris as the purchaser thereof, entered by him as such at the custom house, through Shea, his agent and broker, and the title stood in his name. While the goods were thus situated, Simar, the plaintiff, bought the merchandise mentioned in the complaint from Paris, and before doing so saw a consular invoice (when Paris first received goods); and Paris also exhibited to Simar correspondence with Chaigneau & Co., consisting of a letter, with the invoice. Simar paid for the goods a certain amount in cash or by check, and surrendered to Paris duebills, evidences of indebtedness of Paris to him. He received from Paris delivery orders, which were addressed and sent to the firm of which the defendant Shea was a member. Included in the property mentioned in the complaint is a cask of brandy bought by the plaintiff from a third party, who bought it from Paris. It is not necessary specially to refer to the facts connected with that cask of brandy, as the general rule applicable here covers all the property, the subject of the action. After the purchase by the plaintiff of the merchandise, the defendant Shea was notified of the change of ownership, and the plaintiff, desiring to withdraw the goods, applied to Shea to have the withdrawals effected; but Shea, having received information from Chaigneau & Co.

that Paris was not the owner of the goods, but was only the agent of that firm to sell them on commission and guaranty, was requested by Chaigneau & Co. to return such of them as were then in bond to France. Shea was furnished with a bond of indemnity by Chaigneau & Co. He reshipped the goods to France, whereupon this action was brought.

The case has been tried twice. On the first trial a verdict was directed for the plaintiff. On appeal to this court, we considered the subject of the relations of Simar and Paris respecting the goods, and it was held that in re-exporting them, as attorney for Paris, after notice of the plaintiff's title, Shea converted the goods, and was liable, if the plaintiff in good faith had purchased them from Paris. It is said in the opinion (65 N. Y. Supp. 134) that:

"The goods had been entered in the custom house in New York by Paris, as the owner, upon a declaration of the shipper of the goods formally executed, which recited that the goods had been purchased by Paris, and which was evidence of Paris' title. Being such owner, he had the right to sell the goods to the plaintiff, and it cannot be doubted but that his transfer of these goods to the plaintiff would vest the title in the plaintiff. After notice of a sale by Paris, any interference with the goods by Shea without the consent of the vendee, and acting as attorney for Paris, by which the possession or right of possession of the vendee was lost, would be a conversion."

But we held that the court should not have directed a verdict, inasmuch as the proof of the plaintiff being a bona fide purchaser of the goods from Paris was made only by himself, and that his credibility was for the jury, and a new trial was ordered. After the decision of this court was made, a commission was issued to France to take the testimony of members of the firm of Chaigneau & Co., and on a second trial the deposition of Mr. Charles Chaigneau was read, in which it was sought to explain the circumstances under which the consular declaration and the invoices were made, and the testimony also tending to show that Paris was only an agent for the sale of the consigned goods on commission and guaranty. That deposition was admitted in evidence on condition that Simar should be connected in some way with it, which was not done however. It having been found by the jury on this trial that the plaintiff was a bona fide purchaser from Paris, we think he was entitled to a verdict on the whole case, he having purchased from a person the ostensible owner of the merchandise, fully accredited as such by Chaigneau & Co. That the plaintiff relied upon the custom house title and upon the solemn declarations of Chaigneau & Co. that Paris purchased the goods from them, we think is clear. Simar was justified in believing from the acts and representations of Chaigneau & Co. that they had sold the goods to Paris, and that Paris was the real owner; and the plaintiff cannot be bound by secret relations existing between Chaigneau & Co. and Paris of which he had no knowledge or information, and in respect of which there is nothing shown that would give him notice or put him upon inquiry. The case is not that of an agent exceeding his authority. It is the simple one of a purchaser relying upon a plain and clear title of his seller to the property purchased—a title made by a person claiming to be the real owner, and made in such form and under such circumstances that the purchaser was en-

titled to rely upon it. We think that Chaigneau & Co. could not be heard to contest the plaintiff's right if he acted in good faith (but would be estopped from questioning it), and, if that firm could not. the defendant Shea cannot.

The judgment should be affirmed, with costs. All concur.