## Reber *v.* Schroeder, Appellant.

*Replevin—Evidence—Certificate of stock—Practice, C. P.—Verdict— Writ of retorno habendo—Judgment—Act of April 19, 1901, P. L. 88.*

In an action of replevin against an executor to recover certificates of stock, a verdict and judgment for plaintiff will be sustained where the evidence shows that the certificates were found in the decedent's safe inclosed in a sealed envelope with a power of attorney transferring them to plaintiff, that indorsed on the envelope was a statement signed by decedent to the effect that the contents belonged to plaintiff, and were to be delivered to her at his death, and the plaintiff testifies that there had been a complete delivery of the shares to her by the decedent, and that she had placed them in his hands for safe keeping.

In an action of replevin, where the defendant has entered a claim property bond and retained possession of the property, a general verdict for plaintiff and judgment thereon entitles the plaintiff, since the Act of April 19, 1901, P. L. 88, to a writ of retorno habendo, and this is the case although the jury failed to find the value of the property and damages for its detention.

Argued March 4, 1908. Appeal, No. 66, Jan. T., 1908, by defendant, from judgment of C. P. Berks Co., Aug. T., 1907, No. 53, on verdict for plaintiff in case of Sarah Reber v. Daniel E. Schroeder, executor of George F. Hagenman, deceased. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover certificates of stock of a national bank. Before ERMENTROUT, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff.

*Errors assigned* were (1–12) various rulings on evidence and instructions, and (13,14) that the judgment entered on a general verdict for plaintiff was invalid.

*William B. Bechtel,* for appellant. —The defendant having given a counter bond, the plaintiff was not given possession of the goods and chattels replevied, and, being the successful party, it was the duty of the jury to determine the value of said bank stock to her, which value would have been its market value at the time of demand and refusal to deliver the certificate to her. Under the law as it stood prior to the act of 1901, where the defendant gave a claim property bond and retained the goods, the right of the plaintiff was transformed into a chose in action and the verdict for the plaintiff was properly in damages for the value of the goods as well as for the detention, being so held in Etter v. Edwards, 4 Watts, 63; Moore v. Shenk, 3 Pa. 13; and Fisher v. Woollery, 25 Pa. 197. The act of 1901 has not changed the law in this respect, but has given the plaintiff additionally, when not put in possession of the goods and when he is the successful party, the right to a writ of retorno habendo, which formerly could only be invoked by a successful defendant who had not given counter bond, so being held in Easton v. Worthington, 5 S. & R. 130.

In this case the jury should have determined the value of the bank stock at the time of demand and refusal to deliver to plaintiff and should likewise have indicated separately the damages in their verdict, if any were claimed, so that a judgment for the aggregate could be entered pro forma. As the verdict and judgment are both simply for the plaintiff, the jury not indicating in their verdict the value of the bank stock and the amount of damages claimed, if any, no other course is left open for this court but to grant a new trial, unless, under all the evidence, the defendant is entitled to a judgment non obstante veredicto on the whole record: Whitehill v. Schwartz, 27 Pa. Superior Ct. 526.

*C. H. Ruhl*, with him *J. K. Grant*, for appellee.—A reasonable construction of the act of 1901 is that the method of ascertaining the value of the goods and chattels in dispute is of a twofold character. The one most favorable to, and designed for the greater protection and security of, the successful party is to have the jury in the first instance ascertain and determine it, having regard to the person of the successful party as we have indicated; and failing in that, by the other method, whereby he is limited to the actual or market value at the time of the issuing of the writ of replevin, without damages for detention or interest on the value so ascertained; loss to the successful party, it is true, but one of which the defeated party may not be heard to complain: Pure Oil Co. v. Terry, 209 Pa. 403.

OPINION BY MR. JUSTICE FELL, May 4, 1908:

This was an action of replevin for certificates of stock of a national bank, which were in the name and possession of George F. Hagenman at the time of his death, and were found in his safe by his executor, inclosed in a sealed envelope, with a power of attorney transferring them to the plaintiff. There was an indorsement on the envelope signed by the decedent as follows: "The contents of this envelope belong to Miss Sarah Reber, No. 19 South 2nd St., Reading, Pa., and must be delivered to her at my death." The plaintiff did not rely upon this indorsement to establish her right to the shares, but presented testimony tending to show that there had been a complete delivery of the shares to her by the decedent, and that she had placed them in his hands for safe keeping. The issue of fact was carefully submitted to the jury, and none of the assignments of error that relate to the admission of evidence or to the charge of the court has merit.

The thirteenth and fourteenth assignments relate to the verdict and the judgment entered thereon, and give rise to questions under the Act of April 19, 1901, P. L. 88, regulating the practice in replevin. The defendant had entered a claim property bond and retained possession of the stock certificate. The verdict rendered was for the plaintiff without a finding of the value of the shares and damages for their detention, and the judgment entered was a general one in favor of the plaintiff.

At common law and before the act of 1901, where the defendant retained possession of the property, the action proceeded for damages only. The property could not be recovered from him, nor could he tender it in satisfaction of the verdict. The giving of the claim property bond put an end to the plaintiff's title, which was thereupon turned into a chose in action to be compensated for in damages. The defendant was the only party who could have a judgment de retorno habendo: Fisher v. Whoollery, 25 Pa. 197; Schofield v. Ferrers, 46 Pa. 438; Rockey v. Burkhalter, 68 Pa. 221; Morris on Replevin, 210. The act of 1901 has changed the practice in this respect, and a plaintiff who has not been given possession of the property is entitled to a writ of retorno habendo, as well as to a writ of fieri facias, to recover the value of the property and damages awarded, and costs. It is provided 'by section 5, that where judgment has been entered for the plaintiff for the want of a sufficient affidavit of defense, for a portion of the goods and chattels replevied, he may proceed to recover such goods and chattels by a writ of retorno habendo, or the value thereof, after assessment of damages on a writ of inquiry. Section 7 provides that " if the title to said goods and chattels be found finally to be in a party who has not been given possession of the same, in said proceeding, the jury shall determine the value thereof to the successful party, and he may, at his option, issue a writ in the nature of a writ of retorno habendo, requiring the delivery thereof to him, with an added clause of fieri facias as to damages awarded and costs; and upon failure so to recover them, or in the first instance, he may issue execution for the value thereof, and the damages awarded and costs; or he may sue, in the first instance, upon the bond given, and recover thereon the value of the goods and chattels, damages and costs, in the same manner that recovery is had upon other official bonds."

Before the act of 1901, the verdict rendered in this case would have been of no avail to the plaintiff, because a judgment retorno habendo could not have been entered upon it: Moore v. Shenk, 3 Pa. 13; and there was no award of damages for which a writ of execution could issue. But by virtue of the act, the plaintiff is entitled to a return of the property, and she may have a writ to enforce the right. A judgment

on the verdict is sufficient to sustain such a writ. She has not obtained all that she was entitled to by the trial, because of the failure of the jury to find the value of the property and damages for its detention, but the judgment on the verdict is not invalid.

The judgment is affirmed.