## Perloff v. Halpern et al.

*Landlord and tenant—Illegal distress—Replevin—Trespass.*

1. A tenant cannot maintain an action in trespass against his landlord for an illegal distraint for rent where he has replevied the goods before the sale.

2. Where an action in trespass has been brought, the court will suspend action therein until the determination of the replevin suit.

Objections to the sufficiency of the statement of claim. C. P. No. 1, Phila. Co., March T., 1927, No. 10381.

*H. Shapiro*, for plaintiff; *M. Feldman*, for defendants.

TAULANE, J., July 1, 1927.—This matter is before the court on defendants' objections to the sufficiency of the statement of claim.

The plaintiff is a tenant of Samuel Halpern, one of the defendants. Halpern, through G. Rothbard, a constable and the other defendant, distrained upon the plaintiff's goods on the demised premises for five months' rent alleged to be in arrear. The plaintiff replevied the goods before sale, and then instituted this suit to recover damages for an illegal and malicious abuse of legal process. He alleges that no rent was due, and that the levy was made with intent to injure him in his business and compel him to quit the demised premises.

The defendants have filed an affidavit of defence in the nature of a demurrer, claiming that the statement of claim shows no cause of action.

This case involves no question of an abuse or misuse of legal process, for the very simple reason that a distress for rent is the private act of the landlord and not a judicial proceeding (Ramsdell *v.* Seybert, 27 Pa. Superior Ct. 133).

The facts alleged in the statement of claim do not constitute an abuse of legal process, but a trespass for an illegal distress.

The question for decision is whether a tenant can maintain an action in trespass where he has replevied the goods before sale.

For an illegal distress a tenant has three remedies, viz.: (1) An action in trespass; (2) an action under the Act of March 21, 1772, 1 Sm. Laws, 370; 2 Purdon's Digest, 2182, par. 18, for double the value of the goods sold; and (3) replevin.

The plaintiff could not maintain an action under the Act of 1772, because none of his goods were sold (Weber *v.* Loper, 16 Montg. Co. Reps. 70, and Bischoff *v.* Loper, 16 Montg. Co. Reps. 73).

Notwithstanding the Act of 1772, a tenant is still entitled to maintain a common law action in trespass for an illegal distress without resorting to a replevin (Rees *v.* Emerick, 6 S. & R. 285, and Fretton *v.* Karcher, 77 Pa. 423), and there is no doubt that a levy when no rent is due is an illegal distress.

The remedy of a tenant, or the owner of goods on the demised premises, is confined only to replevin where the distress is legal (Esterly *v.* Spencer, 147 Pa. 466), but if the distress be illegal or irregular, a common law action in trespass may be maintained.

Here, the plaintiff has issued a writ of replevin, and in that proceeding he can recover the same damages he could in a separate action in trespass. In replevin, a plaintiff recovers not only his property, but also damages for its detention (Jackson & Gross on Landlord and Tenant, 474, par. 903; Schofield *v.* Ferrers, 46 Pa. 438; Green *v.* Bauer, 15 Pa. Superior Ct. 372, 375; Harrisburg Electric Co. *v.* Goodman, 129 Pa. 206, and Scott *v.* McEwen, 2 Phila.

Perloff v. Halpern et al.

176), and if the detention be malicious or the defendant's conduct oppressive, punitive damages may be recovered (Rafferty v. Haldron, 81* Pa. 438; Smith v. Enright, 69 Law Times Reps. 724; Woodfall on Landlord and Tenant (18th ed.), 598).

The case of Gibbs v. Cruikshank, L. R., 8 C. P. 454, illustrates the rule here involved. In that case it was held that a judgment in replevin was res judicata in a subsequent action in trespass, for the reason that everything claimed in the trespass suit could have been claimed in the replevin suit.

Of course, if the defendants' levy was illegal and nothing more was done under it than leaving a notice with the plaintiff, it would be questionable whether the plaintiff has any claim for damages (Wade v. Wright, 4 Penny-packer, 255).

As the plaintiff is entitled to recover in the replevin proceeding everything he could recover in this action, we see no need of the present suit. Moreover, we think the law is clear that the remedy by replevin excludes a common law action in trespass (Manegold v. Quinn, 45 Pa. Superior Ct. 482, and Colwell v. Peden, 3 Watts, 327).

The plaintiff in his declaration in the replevin suit should set forth, in addition to his claim of property, the cause of action set up in the statement of claim in this suit.

We think, in view of what we have said, that the defendant should not be harassed with two suits, and we will suspend action in the present suit until the determination of the replevin suit. If we are correct in our conclusion that the judgment in the replevin suit would be res judicata in the trespass case, it follows that the judgment in the replevin suit will determine all questions involved in the present trespass case. We are suspending action in the present case instead of dismissing it for the protection of the plaintiff.

And now, to wit, July 1, 1927, the defendants' objections to the statement of claim are overruled without prejudice, and all proceedings in the above suit are suspended until the further order of this court.