## Brandtjen & Kluge, Inc., v. Kelley

Scheeline & Smith, for plaintiff; R. J. Puderbaugh, for defendant.

PATTERSON, P. J., December 7, 1933.—On December 8, 1932, the plaintiff sued out a writ of replevin to recover a printing press in the possession of the defendant. The sheriff served a copy of the writ with a statement of claim on the defendant personally but never took possession of the property. The sheriff's return, made on December 27, 1932, showed personal service, and on the same day plaintiff entered judgment by default.

On January 4, 1933, the sheriff amended his return, and on the same day delivered possession of the property to the plaintiff. In an opinion filed February 2, 1933, this court directed that the property be returned to the defendant for the reason that the sheriff, having made his return, was without authority

to take the same from the defendant. The property has been returned to the defendant.

The plaintiff has now issued a writ of retorno habendo for the return of the property, and the defendant has filed a motion to quash the same.

The question is: Will a writ of retorno habendo be allowed to issue on a judgment by default in an action of replevin?

In the former opinion of this court, it was held that since the sheriff did not take immediate possession of the printing press on December 8th, when the writ was served upon the defendant, it was too late to take the same after the writ was returned to the prothonotary's office—that he no longer had authority to deliver possession. However, the judgment by default was regularly entered for want of an affidavit of defense. And the fact that under the former ruling the property was again restored to the possession of the defendant does not preclude the plaintiff from proceeding either for the recovery of the property by a writ of retorno habendo or for the value thereof after assessment of damages on a writ of inquiry of damages issued, as provided by sections 5 and 7 of the Act of April 19, 1901, P. L. 88.

The rule applicable here is laid down in Painter v. Snyder, 22 Pa. Superior Ct. 603, 608:

"There was no error in the mere entry of judgment against the defendants for want of a sufficient affidavit of defense. The form and effect of such a judgment is regulated by the 5th section of the Act of April 19, 1901, P. L. 88. The judgment shall operate to forfeit any counterbond given by the defendant. If the plaintiff desires to proceed for the value of the goods, instead of by writ of retorno habendo to recover the specific chattels, he must first resort to a writ of inquiry for the assessment of damages."

Section 7 of the Act of 1901 provides as follows:

"If the title to said goods and chattels be found finally to be in a party who has not been given possession of the same, in said proceeding, the jury shall determine the value thereof to the successful party, and he may, at his option, issue a writ in the nature of a writ of retorno habendo, requiring the delivery thereof to him, with an added clause of fieri facias as to the damages awarded and costs; and upon failure so to recover them, or in the first instance, he may issue execution for the value thereof and the damages awarded and costs; or he may sue, in the first instance, upon the bond given, and recover thereon the value of the goods and chattels, damages and costs, in the same manner that recovery is had upon other official bonds."

The plaintiff here has the right to the writ of retorno habendo for the delivery of the property and also the right to a fi. fa. for damages and costs which, by both sections, would necessitate the action of the jury in determining the value thereof. However, plaintiff is pursuing but one remedy, and that is the return of the printing press by virtue of the writ of retorno habendo.

In Reber v. Shroeder, 221 Pa. 152, 155, it is held:

"By virtue of the act, the plaintiff is entitled to a return of the property, and she may have a writ to enforce the right . . . the judgment on the verdict is not invalid."

The Act of 1901 has changed the practice in this respect, and a plaintiff who has not been given possession of the property is entitled to a writ of retorno habendo as well as to a writ of fi. fa. to recover the property and damages awarded and costs.

The writ of retorno habendo is a proper remedy under sections 5 and 7 of the

370

Replevin Act of 1901, and available for the enforcement of plaintiff's legal rights, and the rule heretofore granted to show cause why said writ of retorno habendo should not be quashed is hereby discharged.

From Robt. W. Smith, Hollidaysburg, Pa.