## JONATHAN SMITH *vs.* NICHOLAS GILMAN AND CHARLES CLARK.

In an action of trespass, brought by *S.* against *G.* and *C.* *G.* was defaulted, and the cause being tried between *S.* and *C.* a verdict was returned for the plaintiff, and judgment rendered against both defendants. *S.* afterwards sued out a writ of review against both defendants—held, that the writ of review might be maintained against *C.*, but not against *G.*, who had been defaulted.

IN this case, *Smith* brought an action of trespass against the defendants, which was entered here at February term, 1823, when *Gilman* was defaulted. *Clark* pleaded the general issue, which was tried at September term, 1824, and a verdict returned for *Smith*, with damages assessed at $130 ; whereupon judgment was rendered for the plaintiff, for that sum, against *Gilman* and *Clark*. *Smith* then sued out this writ of review against *Gilman* and *Clark*, which their counsel moved the court to quash,—on the ground, that a writ of review could not, under such circumstances, be sustained.

*E. Cutts*, for the plaintiff.

*Gilman* and *Sullivan*, for the defendants.

RICHARDSON, C. J. In the case of *Andrew Lovejoy vs. John A. Harper*, Strafford, November term, 1815, it was decided, that a writ of review could not be sustained, except in cases, where there was an issue in fact, to be tried by a jury, joined between the parties. To this decision, the court has constantly adhered since that time ; and the question must now be considered as settled and at rest. It is clear then, that with respect to *Gilman*, who was defaulted, this writ of review cannot be sustained. There was no issue

Smith
*vs.*
Gilman et a.

joined between him and the plaintiff to try ; and as to him this writ must be quashed. 6 *Mass. Rep.* 498.

But between the plaintiff and *Clark* an issue was joined, and with respect to that a review may be sustained. 1 *Mass. Rep.* 482, *Emerson and others vs. Pattee.* We are therefore of opinion, that so far as regards *Clark* the motion must be overruled, and as to *Gilman,* the writ must be quashed.