SOLOMONS *v.* CHESLEY.  { August 10, 1876.

*Review—Issue joined—Similiter.*

The defendant filed the general issue, but the plaintiff neglected to add the *similiter*. The defendant at a subsequent term was defaulted, and judgment was rendered against him. He afterwards brought the action forward for review. The plaintiff moved to dismiss, assigning as one of the reasons that no issue was ever joined by the parties. *Held*, that the action could be reviewed.

The issue is in fact joined when the pleadings have reached that stage where one of the parties can, by concluding to the country, refer the trial to the jury, although the opposite party neglect to add the *similiter*.

FROM ROCKINGHAM CIRCUIT COURT.

REVIEW. The above action is brought forward from the docket of October term, 1874, upon notice, by Chesley, of review, under the provisions of Gen. Stats., ch. 215, secs. 3, 9.

The original action was entered in the supreme judicial court against Chesley and one Alexander, at the April trial term, 1872, and was continued. The defendant filed the general issue, with a brief statement, June 7, 1872. The plea was not formally joined by the plaintiffs. The action was continued from term to term until the October term of the circuit court, 1874, when it was defaulted, and judgment was rendered against Chesley for damages (assessed by a commissioner appointed by the court) in the sum of $500, and costs $79. The action was marked "discontinued as to Alexander."

On December 14, 1874, Chesley filed in the clerk's office his bill in equity, or petition for a new trial, against Solomons, Mohr, and others, alleging that the judgment in the suit at law was obtained by fraud or mistake, and praying that the judgment be vacated, the action brought forward, the default stricken off, for a new trial, and for an injunction against the levy of the execution founded upon said judgment.

At the October term, 1875, the said cause in equity came on for trial, and was tried by the court upon its merits, and the bill was ordered dismissed.

At the January term, 1876, Solomons moved to dismiss the above proceeding for the following reasons, viz.,—

1. Because the said Chesley is not entitled to a review of the original action.

2. Because no issue was ever joined by the parties in the original action.

3. Because the original judgment was by default, in which no issue had been joined.

4. Because the said judgment was not rendered by agreement of parties open to review.

5. Because the said Chesley, after the rendition of said judgment and prior to the bringing forward of the above action upon the docket, petitioned this court for a new trial of said action, which said petition for a new trial was, after a full hearing upon its merits, dismissed.

6. Because the said Chesley is estopped to claim a review of the above action, the same having been once fully heard by this court upon his own proper petition for a new trial, and judgment rendered against him.

This motion the court denied, and the said Solomons excepted.

Case transferred by FOSTER, C. J., C. C.

*G. C. Bartlett,* for Solomons, cited 3 Blk. Com. 396, 1 Tidd's Prac. 475, *Wilson* v. *Wilson,* 25 N. H. 240, Gen. Stats., ch. 215, sec. 3, 9, *Perry* v. *Goodwin,* 6 Mass. 499, *Smith* v. *Gilman,* 3 N. H. 501, *Ela* v. *Goss,* 20 N. H. 57, *Lyford* v. *Demerit,* 32 N. H. 236, *Hillsborough* v. *Nichols,* 46 N. H. 384, *King* v. *Chase,* 15 N. H. 15, *Taylor* v. *Duston,* 43 N. H. 496, 1 Greenl. Ev., sec. 530.

*T. Leavitt,* for Chesley, cited Gen. Stats., ch. 215, secs. 1, 3, 9.

SMITH, J.   " Civil actions in the supreme court in which an issue has been joined and judgment rendered, except in cases otherwise provided, and such actions in which judgment has been rendered by agreement of parties open to review, may be once reviewed." Gen. Stats., ch. 215, sec. 1.   This action answers all the requirements of the statute, unless it must be said that issue was not joined.

The defendant pleaded the general issue, which of course must have concluded to the country, and thus referred the trial to the jury.   He did everything incumbent on him to do that the issue might be joined and made ready for trial.   Before going to the jury, the plaintiffs would have been required to add " and the plaintiffs do the like." " This addition," says Gould, " which from its concluding word is called the *similiter,* merely expresses the *concurrence* of the party to whom the issue is tendered, with his adversary, in referring the trial to the jury.   It is, however, in strictness, no part of the pleadings, since it neither affirms nor denies any fact in maintenance of the action or the defence.   The *similiter* would therefore seem, on principle, to be only matter of form ; and as such the omission of it would seem to be aided by verdict." Gould's Pl., ch. 6, secs. 20, 21.   It was so held in *Whiting* v. *Cochran,* 9 Mass. 532.

By " issue joined," as used in the statute, is meant an issue of fact reached by the parties, as distinguished from cases where the defendant does not plead or appear, and thus no issue is raised.

Many cases are actually tried by the jury, without the *similiter* being added, and not unfrequently without the plea of general issue.   But it

is always understood, when no plea is filed, that the cause is tried on the general issue, and the defendant would no doubt be defaulted upon application to the court if he should refuse to file it. So, also, if the addition of the *similiter* could be regarded as anything more than mere form, the plaintiff, upon his refusal to add the same, would be nonsuited.

Anciently, when the jury trial was not a matter of right, but was called *jurata e consensu* because it was never had except by the consent of both parties, or perhaps by the recommendation of the court, the party who closed the pleadings with a traverse, if he saw fit so to do, offered a trial by jury, *i. e.*, he put himself on the country; and the other party, if of the same mind, accepted that mode of trial by adding the *similiter*, whereby the issue to the *jury* was joined. But trial by jury being now matter of right, the *similiter* has become, whenever the issue is rightly joined, matter of form, so that when the party whose duty it is to add it goes to trial without so doing, he practically accepts the issue, and should not afterwards make the objection on a writ of review.

It seems to me, when all the material allegations of the declaration are directly denied by the plea of general issue, issue is joined. One party says " It is so," and the other says " It is not so." One has affirmed, the other denied, and they are at issue. When they come to that pass, the constitution puts them on the country,—that is, neither can nominate any other tribunal without the assent of the other. In this case I think issue was joined, within the fair meaning of the statute.

The case of *Perry* v. *Goodwin*, 6 Mass. 498, has not escaped my attention, where it was held that no review could be had, by the statute, of a judgment on default; nor the case of *Smith* v. *Gilman*, 3 N. H. 501, where it was held that a writ of review could not be sustained, except in cases where there was an issue in fact to be tried by a jury, joined between the parties. The Massachusetts statute of 1786, c. 66, under which *Perry* v. *Goodwin* was decided in 1810, differed very materially from our present statute. It provided that either party, aggrieved at the judgment of the supreme judicial court where only one verdict had been given against him, might review the cause, " and have one trial more, which shall be upon the issue appearing on the record." That case is not therefore an authority upon this question.

*Smith* v. *Gilman*, decided in 1826, was under the statute originally passed in 1791, and which remained substantially unchanged till the revision of the statutes in 1841—see Laws, 1805, p. 90 ; Laws 1815, p. 102, sec. 12—which provided that actions *tried* in the common pleas, originating before a justice of the peace, and actions *tried* in the superior court, originating in the common pleas, might be reviewed in the court where final judgment was rendered ; and such actions were required to be tried " upon the pleas made upon the former *trial*, upon record." Under such a statute the court could not do otherwise than hold that, with respect to Gilman who was defaulted, the

writ of review could not be sustained, for there was no issue joined between him and the plaintiff to try.

The statute of 1829 (Laws, 1830, p. 89, sec. 6) contained the same provisions, limiting a review to actions that had been *tried.* But in the Revised Statutes of 1842 a radical change appears to have been made. Chapter 192, sec. 1, provided that " all civil actions in which judgment has been rendered in the court of common pleas, or superior court, in which any issue of fact has been joined * * may be once reviewed." And in Gen. Stats., ch. 215, sec. 1, it is provided that " all civil actions in the supreme court in which an issue has been joined and judgment rendered * * may be once reviewed." The difference between the present statute and that of 1791 is sufficient, in my judgment, to warrant the conclusion we have reached. The legislature could hardly have intended, when they said, in 1867, " in which an issue has been joined and judgment rendered," the same as their predecessors meant when they said, in 1791, that "actions *tried* in the common pleas" and " actions *tried* in the superior court " might be reviewed. They could hardly have meant to be understood as though they had said " actions may be reviewed in which an issue has been tried and determined by the verdict of a jury, or otherwise."

The court say, in *Smith* v. *Gilman,* that a review cannot be had except in cases " where there was an issue in fact to be tried by a jury joined between the parties,"—and our statutes since 1842 have stopped at the same place; and this court has nowhere held that a review cannot be had under such circumstances. If it be a proper thing for the legislature to do,—to give a party who has had one trial of his cause, an opportunity to try it a second time,—it would certainly seem that a party who had, after issue joined, had judgment rendered against him without a trial, should have the opportunity to try his case upon the merits ; and this consideration undoubtedly influenced the legislature in introducing the change into the Revised Statutes. I think we shall be following out the legislative intent if we hold that our present statute is intended to preserve the right of review when an issue of fact has been joined, even though followed by a default.

No question is raised that the notice for the review was not seasonably filed.

I am of opinion that the defendant is entitled to a review.

LADD, J., concurred.

CUSHING, C. J. From the very learned work of Stephen, it appears (see Stephen on Pleading, pp. 75, 76, 254, and Appendix, note 34) that adding the *similiter,* and joining the issue, are strictly the same thing, the terms *similiter* and *joinder in issue* having exactly the same meaning. Originally the object of the *similiter* was to signify the party's acceptance not only of the traverse, but of the mode of trial offered.

We learn from this author, that in the beginning this mode of trial

was called *jurata e consensu*, because it was not then a matter of right, but a matter of agreement.   Now that the trial by jury is a matter of right, if the traverse is correctly taken and the issue rightly tendered, the *similiter* is matter of form merely, and may be added by the party tendering the issue if the other neglects it.   But as this depends upon the traverse being rightly taken and the issue rightly tendered, the party undertaking to join the issue for his antagonist does it at his peril.

Thus I think, in the case of a special traverse, correctly drawn, if the party should pass over the *absque hoc*, and traverse the inducement and put himself on the country, he could not safely add the *similiter* for the other party, because the other party would not be bound in law to accept the issue tendered, and therefore the *joinder in issue* would not be matter of form.

If the party traversing offer any other legal mode of trial,— as, for instance, by the record,—issue is never joined, that being only the form of accepting the trial by jury, which has been retained among the forms after its necessity has ceased.

According to this view, it having been held in the case of *Smith* v. *Gilman & Clarke*, 3 N. H. 501, " that a writ of review could not be sustained, except in cases where there was an issue in fact to be tried by a jury joined between the parties," the law was very correctly expressed in the Revised Statutes by the words " issue of fact joined," those terms exactly meaning an issue of fact made up to be tried by the jury. And inasmuch as no issue of fact was ever joined, excepting for a jury trial, the same idea was aptly expressed by the words "issue joined," in the General Statutes.   The words in the statute being adapted to express precisely what had so long been held for law in this state, I find it difficult now to give them any other signification.   Of course, we have here nothing to do with that other formula technically called the *joinder in demurrer*, which is used in making up what is termed an issue of law. In the light of *Smith* v. *Gilman*, it is not likely to be held that under our present statute an action of review would lie to revise a decision of a matter of law.

Whether a review would be sustained, where the facts were tried by the *court* under the statute, need not now be determined.   There being strictly no occasion to join issue for such a trial, it would hardly come within the terms of the statute.

When, however, it is apparent from the record that the issue has been rightly tendered, and therefore that joining the issue, *i. e*, adding the *similiter*, is matter of form, its omission must I think be remedied by our statute of *jeofails*.   So, if the court can see by the record that an issue has been rightly tendered, and practically accepted by going to trial, I think that the object and intent of the statute having been achieved, the party by whose negligence or design the form has been omitted ought not to be permitted to defeat a review by saying that he did not join the issue.   It is true, that in the case under consideration there was no trial by jury; but I think this cannot alter the result.

By the act of Jan. 2, 1829 (N. H. Laws, ed. 1830, p. 88), it was provided "that every action tried in the superior court of judicature, and all actions tried in the court of common pleas of which that court has final jurisdiction, may be reviewed." In the Revised Statutes, for "tried" the words "an issue of fact has been joined" are substituted, and in the General Statutes the words are "issue has been joined." I do not see how to avoid construing the statute now to embrace cases where there is a judgment of nonsuit, or default, after an issue has been joined. The theory of a review, as matter of right, seems to be that it is necessary to give an opportunity to escape the consequences of mistake, misapprehension, surprise, or accident, by one review as matter of right. It is, perhaps, quite as likely to happen that a nonsuit, or default, would be submitted to under such circumstances, as that an unfavorable verdict should be suffered.

The court can see that the general issue was rightly tendered, and nothing remained but to add the *similiter*, which in such case being matter of form, the want of it must I think be held to be cured by the statute.

*Exceptions overruled.*