## MESSER *& a.* v. SMYTH *& a.*

In a suit on a note secured by mortgage, the parties are not deprived of a right of review by an agreement that judgment shall be rendered for the amount of the verdict of the jury in a suit on the mortgage.

MOTION to quash a writ.    Two actions were brought originally
by the plaintiffs against the defendants : one was a writ of entry
on a mortgage, and the other assumpsit on the notes secured by
the mortgage.    In the action upon the mortgage, the general
issue was pleaded, a trial had, a verdict rendered, and judgment
on the verdict.    In the action of assumpsit, no pleadings were
filed.    Upon the suggestion of counsel that the verdict in the ac-
tion on the mortgage settled all questions in controversy in both
suits, judgment was entered in the action of assumpsit for the
same amount as the verdict in the action on the mortgage.    Both
actions were seasonably brought forward for review.    In the action
of assumpsit, the defendants moved to quash, on the ground that
the plaintiffs were not entitled to review because no issue was
joined by the parties in the original suit, and because the judg-
ment was either on default, or it was not agreed to be open to
review.

*A. R. Hatch*, for the plaintiffs.

*S. C. Eastman*, for the defendants.    There can be no review
unless the statute gives it.    There was no jury trial in the cause.
No plea was ever filed by the defendants.    It having been sug-
gested, in the presence of both counsel, that there was no contro-
versy in the case, judgment was entered for the plaintiffs for the
sum which they said they were entitled to.    This was equivalent
to a withdrawal of appearance for the defendants, and judgment
on default.    The clerk could extend the docket entries in no
other way.    It was judgment on default without issue joined.
Can the general issue be supplied so as to give a right of review ?
Where there is a trial by jury, the general issue is presumed to
have been pleaded.    This is so because a trial supposes an issue.
The act of the defendants in submitting their case to a jury is in
itself a denial of the allegations of the plaintiffs, and amounts to
an assertion of their defence.    Hence they would be estopped to
deny that they had not filed it, or they would be defaulted if they
did not file it.    Where there is no trial, no such reason exists.    On
the contrary, a judgment by default before pleading is an express
concession by the defendants that they have no issue with the
plaintiffs.    The defendants may also be heard as to damages after
a default, when the case requires such a determination.
*Solomons* v. *Chesley*, 57 N. H. 163, decides that there may be a
review after issue joined, though the judgment was upon default.
It also holds that where the plea of the general issue has been
filed, the cause is at issue, as the plaintiff has a mere formal act to
perform in joining the *similiter*.    In fact, no other course is open
to him.    But the whole reasoning of the court in the opinions is
based upon the idea that something must be done by the defend-
ant to create an issue of fact to be tried.    Until he pleads, or goes

to trial, which is equivalent to a plea, it cannot be said what the issue of fact is. The defendant may confess, plead tender or payment, and, in fact, raise any one of the many possible issues. His mere silence, and subsequently allowing a default, is no assertion of an issue; on the contrary, his acts waive his right to make an issue. The most that can be inferred from what takes place in court is, that he asserts, by his appearance, that he has a defence which he intends to set up in answer to the plaintiff's case; and that by his subsequent withdrawal he concludes that he will not present it. There may be an intention to join issue, but there is an effectual waiver of it before it is in fact joined. Issue is given the meaning here contended for in Massachusetts. *Provident Inst. for Savings* v. *Burnham*, 128 Mass. 458.

The statute specifies two classes of cases in which a review may be had,—(1) "in which an issue has been joined and judgment rendered;" (2) "in which judgment has been rendered by agreement of parties open to review." In both instances must there be an appearance. Judgment by agreement can only result from the assent of the party after appearance. If, then, issue joined means only what may be inferred from the appearance, there would have been no necessity of adding the second class. A judgment by agreement would be still a judgment after issue. To say that the issue joined means the issue that may be inferred from an appearance, is to extend the statute to a very large class of cases. The legislature have now wholly taken away the right of review. No intention can be found in that repeal to enlarge the original right, nor can such intention be found anywhere in the law itself. The plaintiffs took judgment for a sum which they admitted was all they were entitled to. That judgment has been paid. No equitable reason can be given why they should further harass the defendants, and compel them to submit to further proceedings in this suit. The construction here contended for is recognized by the court in *Coburn* v. *Rogers*, 32 N. H. 374. On review, the action is to be tried on the pleadings of the original suit, unless amended on leave. But in this case, how can it be said that the defendants shall be limited to the general issue? Learning that the plaintiffs were willing to take judgment for a certain amount, they consented, and suffered a default. Can the court, as matter of law, say that they would not have pleaded usury had they been pressed for a larger sum, as now claimed? or that they would not have pleaded a partial failure of consideration, which they cannot plead now? *Burley* v. *Burley*, 6 N. H. 204.

STANLEY, J. When this action was brought, there was a right of review in any action in which issue was joined and judgment rendered, or in which there was judgment by agreement open to review. Gen. St., c. 215, s. 1. In the original action, there was no trial. No plea was filed, and no issue joined. The defendants

appeared, and, on the suggestion of counsel that the verdict in the action on the mortgage settled all questions in controversy in both suits, judgment was entered in this action for the same amount as the verdict in the action on the mortgage.   The appearance by the defendants for the manifest purpose of resistance, and the agreement for judgment, were equivalent to pleading the general issue. That plea denies the plaintiffs' right to recover, and there is no reason why the appearance of counsel may not properly be regarded as having the same effect.   There is, in fact, no issue joined until the *similiter* is filed, but it is held that the issue between the parties is raised without this ; that filing it is merely formal.  *Solomons* v. *Chesley*, 57 N. H. 163.   Where no special plea is filed, the case is tried upon the general issue whether it is actually filed or not.   Prior to the insertion in the statute of the provision giving the right of review in actions in which judgment was rendered by agreement open to review, it was always understood that it secured a right of review whether an issue of fact was joined or not.   *Coburn* v. *Rogers*, 32 N. H. 372, 374.

The defendants concede that their appearance was a denial of the plaintiffs' claim.   Everything beyond this was formal.   If the omission to join issue does not bar the right, no good reason can be assigned why the failure to file the formal plea of the general issue should have that effect.   But the defendants say that the entry of judgment was equivalent to a withdrawal of their appearance and a judgment on default.   The judgment in the suit on the mortgage was on a verdict of the jury rendered on an issue joined, and was open to review.   In the suit on the note, the parties consented to the same judgment, so far as it could be rendered, and that was for the same sum in damages, open to review.   To give the judgment in this case, the effect claimed by the defendants would practically take away the right of review in the suit upon the mortgage; for, if the judgment in the suit on the note is final, it settles the amount for which the plaintiffs are entitled to conditional judgment, the only question at issue.

*Motion to quash denied.*

CLARK, J., did not sit: the others concurred.