## Green & Sons *v.* Bauer.

*Replevin—Measure of damages—Charge of court.*

On a trial of replevin to recover property held by defendant under a claim property bond where it is admitted that the title is in the plaintiff, the plaintiff is entitled to recover the value of the property at the time of the detention, and in addition thereto damages for its detention and costs. In such a case, therefore, it was error for the court to instruct the jury that " the only question for you to determine is the amount of damages, and that is the value of the property at the time of the replevin."

*Evidence of attempted compromise inadmissible.*

Evidence showing an unauthorized and ineffectual effort by counsel to compromise a pending suit, which did not admit any substantial fact, should be rejected, as it is not evidence as an admission of liability.

Argued April 27, 1900.  Appeal, No. 150, April T., 1900, by plaintiffs, in suit of Robert M. Green & Sons against Andrew Bauer, from judgment of C. P. No. 3, Allegheny Co., May T., 1897, No. 528, on verdict for defendant.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.  Opinion by ORLADY, J.

Replevin.  Before EVANS, J.

It appears from the record that plaintiff brought replevin to recover a soda water apparatus of the declared value of $125. Defendant gave a counter property bond, pleaded non cepit and retained the goods.  At the trial the title of the property was admitted by defendant to be in the plaintiffs, and the only question for the jury was the amount of damages that the plaintiffs were entitled to recover.

At the trial the court admitted under objection of plaintiffs the following testimony:

[" Q. Did you ever meet Mr. Woods, counsel for the plaintiffs, or Mr. Benham, with reference to the settlement of this case, with reference to the payment of the amount of money due on this soda water apparatus?  A. Mr. Bauer came to see me in regard to this case, in regard to fighting it, and I told him—  Q. Not what you told him.  Just state what you said to Mr. Woods, with reference to this matter.  A. So we went down to see Mr. Woods; they claimed $5.00 and I advised him

to pay it.  So we went down there, and we had a talk with Mr. Woods.  Mr. Woods said, ' Well, I don't see what more we can ask, if you are willing to pay $5.00,' and he says, ' How about the costs?'  'Well,' I says, ' we will pay the costs too; it does not pay to go into court with a $5.00 case, no difference whether we are right or wrong; we can't afford to fight over $5.00; ' so Mr. Woods says, ' I don't see what more we can ask after that;' so after a little hesitation, Mr. Woods and I came up to the courthouse here, and we were just going up the steps, Mr. Bauer, Mr. Woods and I, when Mr. Woods says, ' Well now, hold on, Mr. Donehoo, perhaps I had better wait, and communicate with my people, because they might want to keep the machine, the soda water fountain.'  So I says, ' Very well, then, if that is the view you take of it, just let it go and we will fight it, no difference what it costs.' "] [1]

Defendant submitted among others the following point:

[3. If the plaintiff is entitled to a verdict, it must be in damages, and only such damages as he has suffered by reason of the detention of the goods by Bauer.  *Answer:* Affirmed.] [5]

Verdict and judgment for plaintiffs for $5.00.  Plaintiffs appealed.

*Errors assigned* among others were (1) to rulings on evidence, reciting same.   (5) In affirming defendant's third point, reciting point and answer.

*William M. Benham,* with him *Charles A. Woods,* for appellants.—That it was a lease, that title and ownership of all the goods remained in the plaintiffs, the lessors, until all the prerequisite terms and conditions were strictly complied with, and the defendant, the lessee, availed himself of the option to purchase or obtain a bill of sale, according to the terms of the said lease, has been conclusively established, by numerous decisions of this court and the Supreme Court: Jones v. Wands, 1 Pa. Superior Ct. 269 ; Cobb & Chase v. Deiches & Co., 7 Pa. Superior Ct. 252 ; Potter v. Stetson & Co., 11 Pa. Superior Ct. 627 ; Brown Bros. & Co. v. Billington, 163 Pa. 76.

In Etter v. Edwards, 4 Watts, 63, it was held that when the goods had not been delivered to the plaintiff, then he re-

covered their value in damages, and damages for their detention.

In Harrisburg Electric Co. v. Goodman, 129 Pa. 206, this principle of law was affirmed, the court there holding that in an action of replevin, where the defendant has given bond and retained the property, it is competent to instruct the jury, that if they find for the plaintiff, he may recover not only the value of the goods, but damages sustained by their detention. See also Miller v. Foutz, 2 Yeates, 418, Balsley v. Hoffman, 13 Pa. 603, and Schofield v. Ferrers, 46 Pa. 438.

*J. S. Stentz,* with him *T. T. Donehoo,* for appellee, filed no paper-book.

OPINION BY ORLADY, J., November 19, 1900:

The plaintiffs issued a writ of replevin for a soda water apparatus of the declared value of $125, as recited in the præcipe, writ and statement. The defendant gave a counter property bond, pleaded non cepit and property, and retained the goods.

The defendant had the soda water apparatus in his possession under a lease, which contained a right to purchase it under certain conditions. On the trial the learned court instructed the jury that there was a forfeiture of the defendant's right to purchase, and, on an enforcement of that forfeiture, the title to the fountain would be in the plaintiffs. This was admitted by the defendant, and the only question for the jury was the amount of damages that the plaintiffs were entitled to recover. The title to the property was, at the time of the trial, in the defendant under the counter property bond.

The charge of the court was not clear nor consistent on this phase of the case. The defendant's third point, which squarely raised the question, "If the plaintiff is entitled to a verdict it must be in damages, and only such damages as he has suffered by reason of the defendant's detention of the goods," was affirmed. In the body of the charge the jury was instructed: "The only question for you to determine is the amount of damages, and that is the value of the soda water fountain at the time of the replevin. That is the only question for you to decide, whatever damages for the detention of the soda water fountain that you find the plaintiff ought to receive, will be

your verdict for the plaintiffs." The fair interpretation of the charge of the court taken with the answers to the points would limit the amount of damages to which the plaintiff was entitled solely for the detention of the property. On the trial of such a case the plaintiff is entitled to recover the value of the property at the time of the replevin, and in addition thereto, damages for its detention and costs: Etter v. Edwards, 4 W. 63; Chaffee v. Sangston, 10 W. 265; Warner v. Aughenbaugh, 15 S. & R. 9; Harrisburg Electric Co. v. Goodman, 129 Pa. 206.

The evidence embraced in the first assignment of error should have been rejected. It showed an unauthorized and ineffectual effort by counsel to compromise a pending suit, and it did not admit any substantive fact. The offer of compromise was rejected, and it was not evidence as an admission of liability: Slocum v. Perkins, 3 S. &. R. 295; Arthur v. James, 28 Pa. 236; Bascom v. Danville Stove Co., 182 Pa. 427. The first and fifth assignments are sustained.

The judgment is reversed and a venire facias de novo is awarded.