## Moore, Appellant, *v.* Everitt.

*Insurance—Mutual insurance—Lost policy—Evidence.*

In an action by a receiver of a mutual insurance company to recover an assessment levied on a policy which the plaintiff alleged to be lost, the refusal of the court to permit plaintiff to ask a witness whether an application for insurance had been received from the defendant, is harmless error, if error at all, where the record shows that the defendant had already admitted that he had made such an application.

In an action to recover an assessment on a policy of mutual insurance where it appears that the original policy upon which the suit was based, was not to be offered, but that proof of the loss of the policy, and of its contents was to be made, it is not reversible error prior to such proof, to rule out a question to the plaintiff's clerk whether pursuant to an application the company had issued a policy to the defendants. In such a case where the plaintiff's clerk testified that she had in her own writing a copy of the written portion of the policy alleged to have been issued to the defendant, she cannot be asked to give the source from which she derived

the information embodied in the written portion of the policy which she alleged that she had in copy; nor in such a case where the clerk has testified that the copy of the written portion of the alleged policy was in fact a part of the daily reports furnished by her as clerk, can the daily reports themselves be offered in evidence, since they do not purport to contain a full copy of the alleged policy; nor in such a case can the clerk be asked to state whether a policy " No. 1230 " was mailed to the defendant, if the question is accompanied by no proof that, if such a policy was mailed, it contained the terms set out in the copy of the policy attached to the statement of claim, upon which the suit was brought, or that it contained a clause imposing liability upon the defendant for the assessment as claimed; nor in such a case can the clerk be permitted to testify that assessments had been paid by the defendant, or on his behalf, on " Policy No. 1230."

In an action to recover an assessment on a policy of mutual insurance alleged to have been lost, an offer to prove the contents of the paper alleged to have been lost is properly overruled, where there is no absolute assertion in the evidence that the policy had been lost, or under what circumstances, and where a witness testifies as to an alleged search made the day previous to the trial in the offices of the plaintiff company but the witness is unable to tell how protracted or thorough a search was made, or whether it was in the morning of the day before, nor is any officer of the company called to prove loss or search in connection with the policy.

*Practice—Affidavit of defense—Amended statement—Pleading—Evidence.*
Where the plaintiff has filed an amended statement, and the court has refused to compel the defendant to file a second affidavit of defense, the affidavit of defense filed to the first statement cannot be held to be an admission of facts subsequently set forth in the amended statement.

*Insurance—Mutual insurance—Assessments.*
In an action by the receiver of a mutual insurance company to recover assessments, where there is no proof that the defendant was the holder of the policy referred to in the statement, it is proper for the court to refuse to permit the introduction in evidence of the record of the Dauphin county court directing an assessment to be made, and also to refuse an offer to prove that assessments had been made by the receiver.

Argued Jan. 13, 1902.    Appeal, No. 61, Jan. T., 1902, by plaintiff, from judgment of C. P. Monroe Co., Feb. T., 1900, No. 15, on verdict for defendant, in case of Elmer W. Moore, Receiver of the Iron Mutual Fire Insurance Company, v. Joseph E. Everitt.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit to recover assessments on a policy of a mutual fire insurance company.    Before CRAIG, P. J.

At the trial, plaintiff proposed to show by a witness on the stand that on page seven of the book of original assessments of the Iron City Mutual Fire Insurance Company, of Pittsburg, Pa., is contained the following entry, in the handwriting of the witness on the stand and made by her: Under the column named "No." appears "1230;" under the column "Name of Assured," "Joseph E. Everitt;" under "Post Office Address," "Bartonsville, Do.," which is under the words, "Monroe county, Pa.;" under the words "Subject Insured," "Hotel;" under the words "Expiration," "Ditto, 22d," "Ditto" being under April and 1895; under the word "Solicitor," "Do.," being under the word "R. Kemmerer;" under the column headed "Amount," "$1,325;" under the column headed "Basis Rate," "1¼;" under the column headed "Annual Premium," "$16.56;" under the column headed "Assessment No. 1," "Levied May 1, 1890;" under the column "Amount," "$12.42;" under the column "When Paid," "December 27, 1895;" under the column of "Assessment No. 3," "Levied May 1, 1891;" under the column "Amount," "$11.04;" under the column "When Paid," "December 27, 1895;" under the column "Assessment No. 5," "Levied May 1, 1892;" under the column "Amount," "$12.42;" under the column "When Paid," "December 27, 1895;" under the column "Assessment No. 7," "Levied May 2, 1893;" under the column "Amount," "$12.42;" under the column "When Paid," "December 27, 1895," "policy canceled" appearing in red ink opposite these entries. And the plaintiff proposes to follow this with proof that the policy was issued by the company to the said Joseph E. Everitt, upon the terms and in accordance with the statement in said assessment book; that the witness upon the stand made a daily report thereof which the plaintiff proposes to offer in evidence, showing the written portions of the policy so issued and to be followed by evidence that the defendant, Joseph E. Everitt, and the assured under this policy, No. 1230, actually did pay the assessments levied against him which are entered in said assessment book; that the witness upon the stand received a check for said assessments, and issued a receipt therefor to the said Joseph E. Everitt, and that in accordance with the request of the assured, the defendant in this case, canceled

the policy on December 27, 1895, when said receipt was issued and so stated that the policy was canceled on the face of the receipt; to be followed by proof that demands have been made upon the defendant in this case, and the assured under said policy, to produce such policy, which the defendant now states in open court he does not produce; and that the witness upon the stand has charge of all the papers and books of the said company and of the receiver, and has made a diligent search for the same, and does not have said policy and never did have said policy since the same was issued, to be followed by proof of the contents of said policy. All for the purpose of showing that the policy of insurance was issued to the defendant in this case, and that the defendant in this case paid the assessments under said policy, and that said policy contained an acknowledged liability to such assessments as to make the defendant and assured liable under the decree of the court of common pleas of Dauphin county, appointing this receiver and requiring an assessment to be levied by him upon all thè members of said company.

Counsel for defendant: Objected to as incompetent, immaterial and irrelevant. That the proposed offer of the plaintiff contains in it matter alleged to be a part of the contract of insurance, and there is nothing in the policy of insurance, a copy of which plaintiff alleges to be contained in his amended statement, which shows any agreed basis of per cent between the insured and the insurer, upon which assessments can be fixed or levied as a rate; that the offer is merely memorandum, which is not the best evidence of the issuing of the policy or a description of the same; and that further that the offer is an attempt to establish an agreement for a rate per cent that could only be established by the application or by-laws or constitution, and as none of these were attached to the policy of fire insurance when issued, if issued, they could not be received in evidence, nor could any of the contents of the agreements sought to be established thereby be received in evidence.

The Court: The objection to the offer as a whole is sustained for the present. We will allow the plaintiff to proceed to prove its contract with this defendant, and such other matters as we think are material to it, but we will rule upon the particulars of the offer as they are brought in evidence. [1]

Margaret Smith was asked this question : " Q. Did the company receive an application from Joseph E. Everitt for insurance in the year 1890 ? "

Counsel for defendant : Objected to as incompetent. Under the act of May 11, 1881, the insurance company was required to attach the application of the defendant to the policy of insurance issued, and it appearing from the amended statement filed that no application was ever attached to the policy of insurance, it is incompetent to offer the application in evidence as a part of the contract and any evidence of the receipt of the application by the company as tending to prove a contract would also be incompetent.

The Court : Objection sustained. Bill sealed for plaintiff. [2]

" Q. In pursuance of the receipt of such an application or of an application, did the company issue a policy of insurance to Joseph E. Everitt ? "

Counsel for defendant : Objected to as incompetent, immaterial and irrelevant and assuming that the previous question was answered in the affirmative, which the court has decided could not be asked.

The Court : Objection is sustained as to this question. Bill sealed for plaintiff. We will allow the plaintiff to prove, if they can, that there was a policy issued to this defendant. [3]

" Q. Was a policy of insurance issued to Joseph E. Everitt by the Iron City Mutual Fire Insurance Company, covering loss by fire on buildings and contents situate in Bartonsville, this county ? "

Counsel for defendant : Objected to as incompetent, immaterial and irrelevant and not the best evidence.

The Court : Objection sustained. Bill sealed for the plaintiff. We think this is not the proper way of proving the contents of a paper alleged to be lost and not produced. [4]

" Q. Where did you get the memorandum to make the copy of this typewritten portion of the daily report ? "

Counsel for defendant : Objected to for the reason that the question of counsel and the answer of the witness will tend to show that it was obtained from the application, and any reference to the application would be incompetent.

The Court: Objection sustained, and bill sealed for the plaintiff. [5]

Counsel for plaintiff: We offer in evidence the daily report marked Exhibit " B " and referred to by the witness.

Counsel for defendant: Objected to as incompetent, immaterial and irrelevant.

The Court: Objection sustained and bill sealed for plaintiff. [6]

" Q. Was a policy of insurance in the Iron City Mutual Fire Insurance Company, No. 1230, mailed at the Pittsburg post-office of Joseph E. Everitt, at Bartonsville, Pa.? "

Counsel for defendant: Objected to as incompetent. There is nothing before the court or jury to show that the policy of insurance was issued, and if so the kind of policy, the property insured thereunder and the terms and agreements thereof.

The Court: Objection sustained and bill sealed for the plaintiff. [7]

" Q. Were assessments levied upon policy No. 1230 and paid by Joseph E. Everitt, the defendant in this case, or any one for him and the money received by you and credited to his policy or account with the company, by you? "

Counsel for defendant: Objected to as incompetent, immaterial and irrelevant. There is nothing to show to the court and jury that the company had any right to levy any assessments, nor that there was any agreement between the insurer and insured as to the basis per cent of the assessments, or how they should be paid. That plaintiff must rely upon the contract between the insurer and the insured whereby the defendant agreed to pay assessments levied according to the constitution and by-laws of the company, upon a basis of per cent to be agreed upon, and there being nothing before the court and jury to show any of these facts, the offer to prove assessments is incompetent, irrelevant and immaterial.

The Court: Objection sustained and bill sealed for the plaintiff. [8]

Mr. Palmer: Counsel for plaintiff now proposes to show by the witness on the stand that she made a copy of the written portion of the policy No. 1230, issued by the Iron City Mutual Fire Insurance Company and kept a copy of the printed portion thereof, and plaintiff also propose to prove what the contents

of said policy were, for the purpose of showing the contract between the parties.

Counsel for defendant: Objected to as incompetent, irrelevant and immaterial, the plaintiff's statement containing what has been alleged by the said plaintiff to be a copy of the policy, and said copy of said policy containing therein a reference to the application and statement, that it was a part of said policy and of said contract, and under the requirements of the act of May 11, 1881, the application cannot be put in evidence nor the alleged contract between the said defendant and the said insurance company.

The Court: Objection sustained and bill sealed for the plaintiff. [9]

Counsel for plaintiff: Plaintiff now offers in evidence the plaintiff's statement of claim in this case and offers especially such averments of fact as are not denied by the affidavit of defense filed by the defendant, for the purpose of showing that the plaintiff alleged in his original plaintiff's statement that on or about April 22, 1890, the defendant made application to said Iron City Mutual Fire Insurance Company for an assessable policy of insurance on the mutual plan, and that the affidavit filed February 4, 1900, does not deny that such application was made, and further that the plaintiff alleged in his plaintiff's statement that a policy of insurance was duly issued to the defendant, and the defendant in his affidavit of defense does not deny that such was the fact. Said offer being made under the rule of court which provides " that all items and material averments of fact in the affidavit of claim which are not directly and specifically denied by the affidavit of defense shall be taken as admitted."

Counsel for defendant: Counsel before stating his objections to the proposed offer, inquires of counsel for plaintiff whether he relies upon the original statement of the plaintiff in this case or the amended statement.

Counsel for plaintiff: Counsel for plaintiff replies that the plaintiff relies upon the original statement in this case as amended.

The Court: Objection sustained. Bill sealed for the plaintiff. [10]

The plaintiff now offers in evidence certified record of the

court of common pleas of Dauphin county, entitled, Common-wealth of Pennsylvania, ex relatione, Henry C. McCormick, Attorney General, v. The Iron City Mutual Fire Insurance Company, in the court of common pleas of Dauphin county, No. 205, commonwealth docket, 1897, duly certified under date of November 30, 1901, by J. G. Diefenderfer, prothonotary of the court of common pleas in and for said county of Dauphin as a true and correct copy of the record on file in his office in the said entitled case, with the seal of said court of common pleas thereto attached, which said record is marked Exhibit " C."

Counsel for defendant: Objected to as incompetent, immaterial and irrelevant, there being nothing before the court to show that the defendant ever agreed with the said insurer, the Iron City Mutual Fire Insurance Company, of Pittsburg, Pennsylvania, to a basis rate upon which assessments could be levied, nor that there was any such contract that would entitle the plaintiff to recover under such said decree.

The Court: Objection sustained and bill sealed for the plaintiff. [11]

Counsel for plaintiff: Plaintiff proposes to show by Elmer W. Moore, receiver of the Iron City Mutual Fire Insurance Company, appointed under the decree, a record of which has been offered by the plaintiff, that in accordance with the decree of said court of common pleas of Dauphin county and the rate of assessments therein directed to be levied upon all the policy holders and members of the Iron City Mutual Fire Insurance Company, there is due from the defendant, Joseph E. Everitt, to the receiver of the Iron City Mutual Fire Insurance Company, the sum of $746.58, with interest from January 1, 1900.

Counsel for defendant: Objected to as immaterial and irrelevant.

The Court: Objection sustained and bill sealed. [12]

The court charged in part as follows:

[As we look at this case under the evidence as it is before us now, there can be no recovery by the plaintiff, and the defendant has submitted this point to us: " Under all the evidence the verdict must be for the defendant." We affirm that proposition. The result of the affirmance of that proposition is that we will be obliged to direct you to find a verdict in favor of the defendant.] [13]

13, 1902).]          Verdict—Opinion of the Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–12) rulings on evidence, quoting the bill of exceptions.   (13) Above instructions, quoting it.

*A. Mitchell Palmer*, with him *R. T. M. McCready*, for appellant.

*Charles B. Staples*, with him *Wilton A. Erdman* and *D. S. Lee*, for appellee.

OPINION BY WILLIAM W. PORTER, J., April 21, 1902:

This is an action by a receiver of an insolvent Mutual Fire Insurance Company to recover an assessment directed to be levied by the court of common pleas of Dauphin county.   At the foundation of the action lies the plaintiff's obligation to prove that the defendant was the holder of a policy in the company, liable for the assessment.   The court below directed a verdict for the defendant, on the ground that the plaintiff had failed to fulfil this obligation.   If the rulings excluding evidence were correct, no error was committed in directing a verdict.   The plaintiff opened his case by calling the defendant as for cross-examination.   The latter admitted that he made application for insurance in the now insolvent company, on April 22, 1890.   He denied explicitly that a policy of insurance was issued to him ; that he ever received a policy of insurance ; that any one ever got one for him ; and that he ever saw a policy issued in his name or issued to cover his property.

The first assignment of error is to the refusal of the court to permit the introduction of proof contained in a long offer involving many facts.   While the offer as a whole was rejected, yet the trial judge stated that the plaintiff would be allowed to prove the alleged contract with the defendant and matters material to it, and postponed his rulings upon the several items contained in the offer until they should severally be presented. Without going into detail we think the rights of the plaintiff were not infringed upon by this ruling.   The second assignment is based upon the refusal of the court to permit the plaintiff to ask a witness whether an application for insurance had been received from the defendant in the year 1890.   No

injury followed this ruling, since the defendant had already admitted that he had made such an application. The third assignment alleges error in the ruling out by the court of the question to the plaintiff's clerk, whether, pursuant to application, the company issued a policy to the defendant. The ruling was not reversible error. The offer was not to show the issuance of the policy as set forth in the statement of claim. It had already appeared in the trial, by offers of proof, that the original policy upon which the suit was based, was not to be offered, but that proof of the loss of the policy and of its contents was to be made. The trial judge was of opinion that the orderly conduct of the trial did not warrant the introduction of evidence under a question so general as that put; and that it was not approaching the proof of contents of the lost paper by proper method. It was an attempt to prove generally the issuance of a policy. Furthermore, the witness had said already, incidentally, that a policy had issued. The fourth assignment raises substantially the same question; and for the same reasons it is dismissed. The clerk of the plaintiff, when upon the stand, testified that she had in her own writing a copy of the written portion of the policy alleged to have been issued to the defendant. She was directed to give the source from which she derived the information embodied in the written portion of the policy which she alleged that she had in copy. This was forbidden by the court below. If the whole policy had been proven and the provisions in writing, testified to by the witness, had been incorporated, the source from which the information was derived to make up the written portion, would have been unimportant. If the source of the information was the application referred to, the result might be to incorporate into the contract, when proven, a stipulation contained only in the application. It was not proven that the application was attached to the policy. Therefore, none of its provisions were admissible in evidence. For these reasons it is apparent that the court did not err in excluding the question. The fifth assignment is dismissed. The same witness, having testified that the copy of the written portion of the alleged policy was in fact a part of the daily reports furnished by her as clerk, the daily reports themselves were offered in evidence. These reports were not evidence to bind the defendant. They did

not purport to contain a full copy of the alleged policy. The only matter recited in them pertinent to the question at issue had already been identified by the witness orally as a copy of a part of a written policy. The daily reports were properly rejected and the sixth assignment is dismissed. The court declined to permit the witness to answer the question, whether a policy " No. 1230 " was mailed to the defendant. The question was accompanied by no proof that if such a policy was mailed it contained the terms set out in the copy of the policy attached to the statement of claim upon which the suit was brought; or that it contained a clause imposing liability upon the defendant for the assessment as claimed. We think the ruling complained of in the seventh assignment is, therefore, unobjectionable. The court further declined to permit the witness to testify that assessments had been paid by the defendant, or in his behalf, on " Policy No. 1230." Up to this point of the trial there had been no proper proof that the policy indicated had been issued to the defendant, or of the full contents of any policy, or that the policy upon which assessments were alleged to have been paid, created a legal liability on the part of the defendant to pay either the assessments paid, or the assessment claimed. The eighth assignment is overruled. Permission was refused by the court to show the contents of " Policy No. 1230 " as the contract between the parties. The offer made was not in terms to prove the contract pleaded, but only the contents of a paper alleged to have been lost. No sufficient proof of loss and search had been made to open the door to secondary proof. The primary proof was the policy sued upon. The defendant denied its issuance. The burden was upon the plaintiff to show its issuance, its loss, search for it and its terms. There was no absolute assertion in the evidence that the policy had been lost, or where it had been lost, or under what circumstances. The testimony of a witness that search had been made for it in the offices of the plaintiff company was inadequate. The alleged search was made the day previous to the trial. The witness was unable to tell how protracted or thorough a search was made, or whether it was in the morning or afternoon of the day before. It was shown that there were other persons than the witness in charge of the office. The secretary was said to be there every day. Neither

he nor any other officer of the company was called to prove loss or search in connection with the policy. The trial court committed no error in excluding the testimony offered. The ninth assignment of error is dismissed.

. The plaintiff then offered his statement of claim in evidence to prove that the fact of issuance of the policy to the defendant therein asserted, was not denied by affidavit and was therefore admitted. This was rejected for the purpose suggested. The trial was had upon an amended statement of claim. To the first statement an affidavit of defense had been filed, somewhat in the nature of a demurrer. On this a rule for judgment was taken. The rule was discharged. A plea of non assumpsit was entered. The case was several times upon the trial list. The plaintiff then filed an amended statement. The court below refused to compel the defendant to file a second affidavit. The plaintiff then went to trial on the amended statement and plea. As the record shows, he knew that he would be required to prove his case as pleaded. The affidavit filed to the first statement could not be held to be an admission of facts subsequently set forth in the amended statement. We dismiss the tenth assignment.

The eleventh assignment is to the refusal of the court to permit the introduction in evidence of the record of the Dauphin county court directing an assessment to be made upon the holders of assessable policies. In the absence of proof that the defendant was the holder of such a policy, the introduction of the record could fix upon him no liability. Therefore, the rejection of the record was right, as was also, for the same reason, the rejection of the offer (twelfth assignment) to prove the assessment made by the receiver. The court directed a verdict for the defendant. This is complained of in the thirteenth assignment. The evidence admitted, being insufficient to support a verdict for the plaintiff, no other instruction by the trial court could be sustained.

The judgment is affirmed.