## Automobile Securities Co. *v.* Scungio.

## Automobile Securities Co., Inc., Appellant, *v.* Scungio.

*Appeals—Practice—Affidavit of defense—Sufficiency—Judgment for want of sufficient affidavit of defense refused—Act of April 18, 1874, P. L. 64.*

The Act of April 18, 1874, P. L. 64, gives the plaintiff an appeal from the decision of the court below where judgment for want of a sufficient affidavit of defense is refused. But in order to derive any advantage from that statute the plaintiff must take his appeal before trial. The Superior Court will not consider, upon an appeal after trial by jury, exceptions to the action of the court below in discharging a rule for judgment for want of a sufficient affidavit of defense.

*Practice, C. P.—Replevin—Verdict by direction—Proof of title —Documentary evidence—General verdict.*

In an action of replevin, where the plaintiff had the burden of proving title to the property recovered, an unsigned copy of an alleged lease was inadmissible in evidence without proof of loss of the original. It was not sufficient to prove that the original was in the custody of a trust company in another county. Where the plaintiff's case fell for want of proof, the only alternative was to instruct the jury to find in favor of the defendant.

KELLER and GAWTHROP, JJ., dissent.

Argued April 27, 1923. Appeal, No. 93, April T., 1923, by plaintiff, from judgment of C. P. Lawrence County, Sept. T., 1919, No. 9, on verdict for defendant in the case of Automobile Securities Company, Inc., v. Chas. D. Scungio. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Replevin for an automobile. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

362, (1923).] Statement of Facts—Opinion of the Court.

The trial court directed the jury to return a verdict for the defendant and entered judgment upon the verdict so found. Plaintiff appealed.

*Errors assigned* were the refusal of the court to give binding instructions for the plaintiff and the action of the court in directing a verdict for the defendant.

*H. A. Wilkinson,* and with him *John MacDonald,* for appellant.

*Roy M. Jamison,* and with him *Martin & Martin,* for appellee.

OPINION BY TREXLER, J., July 12, 1923:

This was an action of replevin brought by the Automobile Securities Company against Charles D. Scungio for an automobile. The car was found in the possession of the Lawrence Automobile Company, which was thereupon joined as party defendant. The original defendant, Charles D. Scungio, was not found. The Lawrence Automobile Company filed an affidavit of defense. The plaintiff filed a motion for judgment for want of a sufficient affidavit of defense and the court refused to enter judgment. The case then proceeded to trial and the court after the testimony was heard directed the jury to find a verdict for the defendant.

The first question presented by the plaintiff is the refusal of the court to enter judgment for want of a sufficient affidavit of defense. The Act of April 18, 1874, P. L. 64, gives the plaintiff an appeal from the decision of the court below where judgment for want of a sufficient affidavit of defense is refused. This court speaking through Brother PORTER in Kessler v. Perrong, 22 Pa. Superior Ct. 578, held in order that the plaintiff may derive any advantage from that statute he must take the appeal before the trial actually takes place. The appellate court cannot in reviewing the record of a jury trial,

consider an exception to the action of the court below in discharging a rule for judgment for want of a sufficient affidavit of defense.

The second question is whether the court was justified in directing a verdict for the defendant. The automobile was found in possession of the Lawrence Automobile Company. The plaintiff got possession by virtue of the writ and it was incumbent on it to prove title. The farthest it got in that direction was to show that Scungio, the defendant, on the 28th of June, 1918, a whole year before the writ issued, came to the place of business of another company, the Automobile Storage and Sales Company, to purchase a car and that the automobile in question was then transferred or sold to the Automobile Securities Company by bill of sale, and passed into the possession of Scungio. The plaintiff then endeavored to show that the car had been leased to Scungio. It offered no lease in evidence. It tried to get in a copy of the lease unsigned. Its reason for not producing the best testimony was that the lease was in the custody of a trust company in Pittsburgh. Defendant's counsel objected to the production of a copy and urged upon the court the fact that there was no proof that a search had been made for the lost copy, and that the custodian of the lease should be produced in court and prove its loss and before that was done the copy was not admissible. The lower court followed a well-beaten path in sustaining this objection, see Moore v. Everitt, 20 Pa. Superior Ct. 13. There is an orderly method of proving the loss of a writing. This evidence being excluded the plaintiff's case fell and the only alternative was to instruct the jury to find in favor of the defendant.

The appellant raises the point that a general verdict for the defendant was not proper. It seems this matter was not raised at the time when the court directed the verdict for the defendant. The purpose of the trial was to determine as between all the parties, who had the title or right of possession. There is a provision in the Act

of April 19, 1901, P. L. 89, section 6, that if any party be found to have only a lien upon said goods and chattels a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles. The court having rightly decided that the plaintiff had shown no title, we do not see how the plaintiff is interested in determining the equities existing between Scungio and the Lawrence Automobile Company. The plaintiff having failed in his action, a new trial would not be granted, merely because of failure to carry out a provision of the act, which was for the benefit of the person having a lien. There is authority for this, at least by inference, in the case of Reber v. Schroeder, 221 Pa. 152. In that case although the act directs that the jury may find the value of the property and damages for its detention and this provision was overlooked, a verdict in favor of the plaintiff was nevertheless sustained and a writ of retorno habendo was allowed. In Brown v. Judge, 77 Pa. Superior Ct. 106, the same question arose, and a verdict for the plaintiff without the value being given was held to be all right although it did not give the plaintiff all of which she was entitled.

All the assignments of error are overruled and the judgment is affirmed.

KELLER and GAWTHROP, JJ., dissent.

## DISSENTING OPINION BY GAWTHROP, J.

I am unable to concur in the conclusion of the majority that the court below was justified in directing a verdict for the defendant. The fourth section of the Act of April 19, 1901, P. L. 89, requires plaintiff to file a declaration which shall consist of a concise statement of his demand, "setting forth the facts upon which his title to the goods and chattels is based." The declaration avers title in plaintiff by purchase from the Automobile Storage & Sales Company and the unlawful detention of the car by Scungio—defendant. Plaintiff proved its title

by offering in evidence a bill of sale from the Automobile Storage & Sales Company to it. It proved by the witness, Souder, delivery of the possession of the car to it by the Automobile Storage & Sales Company. When this testimony was introduced, plaintiff was entitled, without more, to a verdict. Judge HENDERSON, speaking for this court, said in Drumgoole v. Lyle, 30 Pa. Superior Ct., 463 : "the statute requires that the declaration shall consist of a concise statement of the plaintiff's demand, setting forth the facts on which his title to the goods and chattels is based......Possession usually follows title, and an affirmation of absolute ownership or a qualified property with the circumstances of such qualified proprietorship would ordinarily be sufficient to present a prima facie case in favor of the plaintiff. If the plaintiff's title be clearly and fully set forth with an averment of wrongful dispossession the defendant must meet this prima facie showing by setting forth in his affidavit of defense facts sufficient to justify his retention of the property." When the intervening defendant, in its affidavit of defense, asserted a right of possession because of a lien for storage and repairs incurred by Scungio, plaintiff replied to this with an allegation, in its replication, that Scungio was merely a lessee of the car. Plaintiff was not required to anticipate this defense and meet it in its declaration: Heisley v. Mfg. Co., 33 Pa. Superior Ct., 218. It follows that plaintiff's failure properly to prove the lease from it to Scungio did not relieve the defendant of answering plaintiff's proof of title. When plaintiff proved its title under the bill of sale, "the burden of proving that it was nevertheless not entitled to absolute and unqualified possession by reason of a lien acquired by the defendant (for storage and repairs) was cast on the latter:" Pickering Co. v. Friedman R. Co., 57 Pa. Superior Ct., 553; although one who has made repairs to an automobile, at the request of another who has possession thereof under a bailment lease, does not have a lien on the automobile for his services, against the real

362, (1923).]          Dissenting Opinion.

owner, and the latter is entitled to repossess himself of his property in an action of replevin: Bankers Commercial Security Co., Inc. v. Brennan and Levy, 75 Pa. Superior Ct., 199. But the defendant offered no evidence and merely presented a point for binding instructions. As the case then stood plaintiff, rather than defendant, was entitled to a verdict. Plaintiff's case did not fall because of the proper exclusion of evidence offered to show that it had leased the car to Scungio. It was manifest error to affirm defendant's point for binding instructions.

For these reasons, I would sustain the second assignment of error and order a new trial.

Judge KELLER authorizes us to state that he joins in this dissent.